UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
PAMELA J. BLANCO,                                              07 Civ. 4065

                              Plaintiff,

          -against-

JOHN BROGAN, individually and
the VILLAGE OF SCARSDALE,
New York,

                              Defendants.
-----------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

# TABLE OF CONTENTS

**Page**

ARGUMENT.............................................................................................................................1

    POINT I ...........................................................................................................................1

STANDARD OF REVIEW....................................................................................................1

    POINT II ..........................................................................................................................2

THE COMPLAINT FAILS TO STATE A CLAIM UNDER TITLE VII ..............................2

A.      The Complaint Fails To State A Claim For A Hostile Work Environment ......................2

B.      The Complaint Fails To State A Cause of Action For Retaliation ....................................6

    POINT II ..........................................................................................................................8

THE COMPLAINT FAILS TO STATE A CLAIM UNDER SECTION 1981 ..........................8

A.      Plaintiff's § 1981 Claim Is Preempted By § 1983 ...........................................................8

B.      A Section 1981 Claim Cannot Be Brought For Gender Discrimination ............................9

POINT III................................................................................................................................9

THE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER 42 U.S.C. § 1983.....................................................................................9

A.      Plaintiff's Claims Under 42 U.S.C. § 1983 Must Be Dismissed As To Defendant Village Of Scarsdale Because Plaintiff Has Failed To Plead A *Monell* Claim .............................9

B.      The Plaintiff's Claims Are Too Conclusory.....................................................................11

POINT IV ..............................................................................................................................14

THE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER THE HUMAN RIGHTS LAW ..............................................................14

A.      There Is No Respondeat Superior Liability Under The New York Executive Law .........14

B.      Plaintiff Failed To File A Notice Of Claim .....................................................................15

POINT V................................................................................................................................15

PLAINTIFF'S CLAIMS ARE UNTIMELY..........................................................................15

A.      Plaintiff's Title VII Claims Are Barred By The 300 Day Statue Of Limitations..............15

B.      Plaintiff's Claims Under The New York State Human Rights Law, 42 U.S.C. §§ 1981 and 42 U.S.C. § 1983 Are Barred By The Three Year Statue Of Limitations ..............................17

CONCLUSION.......................................................................................................................18

57067.1 7/11/2007

## ARGUMENT

### POINT I

#### STANDARD OF REVIEW

When addressing a motion to dismiss, while the court will take the well-pleaded allegations in the Complaint as true, "allegations that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the Plaintiff complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim." *Mehrhoff v. William Floyd School District*, 2005 WL 2077292, *3 (E.D.N.Y. 2005) *citing Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987); *see also Magee v. Nassau County Medical Center*, 27 F. Supp. 2d 154 (E.D.N.Y. 1998) (same).

In *Barr v. Abrams*, the Second Circuit made clear that conclusory averments are not sufficient to state a claim under the civil rights laws:

> As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.

810 F.2d 358, 363 (2d Cir. 1987); *see Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996) ("While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice.").

As will be demonstrated below, the Complaint in this case contains only conclusory averments that are designed to "shock but have no meaning" and fails to put the Defendants on notice of the factual grounds upon which plaintiff's claims are based. *Barr*, 810 F.2d at 363. The Complaint is therefore fatally deficient and must be dismissed. *Id.*

## POINT II

## THE COMPLAINT FAILS TO STATE A CLAIM UNDER TITLE VII

### A.    The Complaint Fails To State A Claim For A Hostile Work Environment

The First Claim alleges a hostile work environment under Title VII.  *See* Complaint at

¶11.  From as best can be gleaned from the Complaint, the allegations upon which plaintiff

premises this claim are set forth in paragraph 5(a) and pertain to a Lt. Clark discussing his "bad

marriage" with plaintiff, asking her if she was "dating" anyone, sending her flowers and paying

for her gym membership.  There is no indication at all when these incidents took place.  *See*,

Point V, *infra*.  There is also no indication that plaintiff complained to anyone about this alleged

conduct or even let Lt. Clark know that his conduct was unwelcome.

As a threshold matter, Plaintiff's  hostile work environment claim under Title VII must

be dismissed because the facts that form the basis of same were not included in her EEOC

charge. *See* Miller Aff. Exhibit A.  "As a precondition to filing a Title VII claim in federal court,

a plaintiff must first pursue available administrative remedies and timely file a complaint with

the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003); *Whyte v. Contemporary*

*Guidance Services, Inc.*, 2004 WL 1497560 (S.D.N.Y. 2004).  Thus, "[a] district court only has

jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on

conduct subsequent to the charge which is 'reasonably related' to that alleged in the EEOC

charge." *Butts v. City of New York Dep't of Housing Pres. And Dev.*, 990 F.2d 1397 (2d Cir.

1993) *superseded by statute on other grounds as stated in Hawkins v. 1115 Legal Services Care*,

163 F.3d 684, 693 (2d Cir. 1998); S*undaram v. Brookhaven Nat'l Labs.*, 424 F. Supp. 2d 545

(E.D.N.Y. 2006). "Adherence to this jurisdictional prerequisite is essential to preserve the

purpose of filing an EEOC charge, 'which is to encourage settlement of discrimination claims

-2-

through conciliation and voluntary compliance.' That purpose would be defeated if a plaintiff could bring claims in a lawsuit which had not been presented to, and investigated by, the EEOC." *Sundaram*, 424 F. Supp. 2d at 545 *quoting Butts*, 990 F.2d at 1401.

An exception to this exhaustion requirement does exist, however, for claims that are "reasonably related to those that were filed with the agency." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001). A claim is deemed "reasonably related" where "the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Id.* at 200-201 *quoting Fitzgerald v. Henderson*, 251 F.3d 345, 359-60 (2d Cir. 2001). Such a determination of relatedness is dependent on the factual allegations made within the actual EEOC charge that was filed. *Deravin*, 335 F.3d at 201.

Here, plaintiff has failed to exhaust her administrative remedies with respect to her hostile work environment claim. Plaintiff's EEOC charge did not assert a hostile work environment claim, either on the cover sheet or elsewhere, and nowhere in the narrative portion of the charge did plaintiff make any factual allegations that could give rise to such a claim. Furthermore, to the extent that her claims are time barred (*see* Point V, *infra*), they "cannot serve as predicates for allegations in the complaint said to be reasonably related," in order to save her hostile work environment claim. *Butts*, 990 F.2d at 1403. Accordingly, plaintiff is now barred from pursuing a hostile work environment claim because she did not raise such a claim in her EEOC charge. *See Butts*, 990 F.2d at 1402 (claim that plaintiff was discriminatorily denied promotion dismissed where such a claim was not included in the charge filed with the EEOC); *Waterman v. Register.com, Inc.*, 2005 WL 2759825, *1 (S.D.N.Y. 2005) (dismissing Title VII claim where it was not first asserted in charge filed with the EEOC because claims that are not

-3-

"reasonably related to those actually made to the EEOC cannot be pursued" in federal court);

*James v. Federal Reserve Bank of New York*, 2005 WL 1889859, *5 (E.D.N.Y. 2005)

(dismissing race discrimination claim for failure to exhaust administrative remedies where it was

not alleged in EEOC charge).

Nonetheless, assuming, *arguendo*, that plaintiff's hostile work environment claim is

properly before the Court, it must nonetheless be dismissed because the allegations, even if taken

as true, do not rise to the level of a hostile work environment.  As the Second Circuit has stated,

in order to state a hostile work environment claim:

> [A] plaintiff must show that the harassment was sufficiently severe
> or pervasive to alter the conditions of the victim's employment and
> create an abusive working environment. ... Among the factors to
> consider when determining whether an environment is sufficiently
> hostile are the frequency of the discriminatory conduct; its
> severity; whether it is physically threatening or humiliating, or a
> mere offensive utterance; and whether it unreasonably interferes
> with an employee's work performance. ... As a general rule,
> incidents must be more than episodic, they must be sufficiently
> continuous and concerted in order to be deemed pervasive.

*Terry v. Ashcroft*, 336 F.3d 128, 147-148 (2d Cir. 2003).  The conduct alleged to underlie

plaintiff's hostile work environment claim (see Complaint ¶ 5(a)) simply does not rise to this

level.  *See, e.g., Whyte v. Contemporary Guidance Services*, 2004 WL 1497560, *4-5 (S.D.N.Y.

2004) (granting 12(b)(6) motion dismissing hostile environment claim where allegations in the

Complaint were not sufficiently severe or pervasive); *James v. Federal Reserve Bank*, 2005 WL

1889859, *7-8 (E.D.N.Y. 2005) (collecting cases granting 12(b)(6) motions dismissing

discrimination claims and holding that, even under liberal notice pleadings, allegations that

plaintiff "was constantly harassed," subjected to "a pattern of slurs and innuendos based on race,

gender and age," called a "heifer" and a "slut," insufficient to state a hostile work environment

claim); *see also Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)

-4-

(stating that "[t]he words 'hostile work environment' are not talismanic, for they are but a legal conclusion; it is the alleged facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage").

In *Prince v. Cablevision Systems Corp.*, 2005 WL 1060373 (S.D.N.Y. 2005), for example, the plaintiff alleged that a male employee tried to kiss her, told her he wanted to have sex with her and solicited her to go into a public bathroom to do so. In granting the employer's 12(b)(6) motion, Judge Sweet noted:

> Courts have held that conduct far more egregious than that alleged here was insufficient as a matter of law to establish a hostile work environment, even when such conduct occurred in the workplace." *See, e.g., Benette v. Cinemark U.S.A., Inc.*, 295 F. Supp. 2d 243, 247 (W.D.N.Y. 2003) (manager's constant use of the word "fuck" and comments regarding female employees having a "nice ass" or "big tits" not severe or pervasive); *accord Forts v. City of New York Dep't of Corrections*, 2003 WL 21279439, *6-7 (S.D.N.Y. 2003) (several incidents, including comment about "sex in all positions," a bondage poster showing men and women, and a co-worker touching plaintiff's shoulder and running away, not severe or pervasive); *Gregg v. N.Y. State Dep't of Tax'n & Fin.*, 1999 WL 225534, *12 (S.D.N.Y. 1999) (ten or fifteen allegedly inappropriate conversations, four instances of allegedly offensive touching, and repeated invitations to meals, drinks, and such over a three to four month period were not "sufficiently severe or pervasive"); *Lucas v. South Nassau Community Hospital*, 54 F. Supp. 2d 141, 148 (E.D.N.Y. 1998) (brushing up against plaintiff on three occasions, touching her hand, back or shoulder on five to seven occasions, twice saying to plaintiff "fuck you," suggesting that plaintiff "wanted to go to bed with" the harasser, and asking the color of plaintiff's underwear on two to three occasions was not sufficient to constitute a hostile work environment); *Grossman v. The Gap, Inc.*, 1998 WL 142143, *5 (S.D.N.Y. 1998) (repeatedly asking plaintiff out on dates, following her around the store asking her to model a bathing suit, and making one sexually suggestive comment did not constitute a hostile work environment).

2005 WL 1060373 at *8.

Put simply, even under liberal notice pleading requirements, plaintiff's hostile environment claim fails as a matter of law, as her alleged basis is insufficient to state such a claim.

**B.     The Complaint Fails To State A Cause of Action For Retaliation**

The Second Claim in the Complaint alleges that plaintiff was retaliated against by being passed over for promotions after filing her EEOC complaint. *See* Complaint at ¶6.  This type of bald conclusory allegation is insufficient to state a claim. *See Mehrhoff*, 2005 WL 2077292 at *5 (dismissing claim where "[p]laintif fail[ed] to sate particularities of her retaliation claim"); *Kato v. Ishihara*, 239 F. Supp. 2d 539, 364-365 (S.D.N.Y. 2002) (dismissing claim where complaint did not provide details regarding the alleged retaliation); *see generally Albert v. Carovano*, 851 F.2d 561 (2d Cir. 1988) (dismissing Section 1981 claim alleging that defendant selectively enforced its rules against appellants based on their race because the claims were "too conclusory to survive a motion to dismiss.").

In *Valle v. YMCA of Greater New York*, 2006 WL 2571946 (S.D.N.Y. 2006), for example, Magistrate Maas granted an employer's 12(b)(b) motion and dismissed a retaliation claim, holding:

> Although the Court must accept Valle's *factual* allegations made in the Complaint as true and draw all reasonable inferences in his favor, his "[l]egal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." *[United States v.] Bonanno Organized Crime Family of La Cosa Nostra,* 879 F.2d [20,] 27 [2d Cir. 1989)]. Here, Valle's allegations of retaliation are merely "conclusory allegations." Accordingly, Valle's retaliation claims should be dismissed.

2006 WL 2571946 at *7 (emphasis in original).  Similarly, in *Ximines v. George Wingate High School*, 2006 WL 2086483 (E.D.N.Y. 2006), the Court granted a 12(c) motion dismissing retaliation claims and held:

The overwhelming bulk of the factual allegations present in Ximines's Complaint relate to the failure to promote her to the Assistant Principal position at [George Wingate High School], first on a temporary basis and then on a permanent basis, and her subsequent interpersonal conflicts with the woman who was hired for the position and thus subsequently exercised supervisory responsibility over her.    Though she has made a "simple declaration that defendant's conduct violated the ultimate legal standard at issue," such a conclusory allegation "does not suffice" to survive a motion to dismiss, *Gregory [v. Daly]*, 243 F.3d [687,] 692 [2d Cir. 2001)], because she has failed to allege "circumstances giving rise to a plausible inference of... discriminatory intent."   *Yusuf [v. Vassar College]*, 35 F.3d [709,] 713 [(2d Cir. 1994)].

In the end, even assuming that Ximines has alleged that she complained about discrimination and that Defendants failed to promote her, she has wholly failed to provide factual allegations that support a plausible inference of any causal relationship between her complaints and any adverse action, or discriminatory intent on the part of any of the Defendant's employees.  While the Court gives her the benefit of every plausible inference assuming her pleadings are true, it will not assume additional facts to support her conclusory allegations.  Her retaliation claim cannot survive a motion to dismiss.

2006 WL 2086483 at *8-9.

Plaintiff's claims are simply too conclusory to withstand this motion to dismiss.

Nonetheless, assuming, *arguendo*, that plaintiff had pled something more than she did, her

retaliation claim still fails because the alleged retaliatory conduct (failure to promote) in fact

occurred *before* plaintiff filed her EEOC charge.  Plaintiff did not file her EEOC charge until on

or about June 3, 2007, however, the selection process for the promotions of which plaintiff

complains – promotions to Field Training Officer and Traffic Enforcement Officer – concluded

in November 2005 and on February 28, 2006, respectively. *See* Miller Aff. Exhibit B.[1]

---

[1] The documents attached to the Affidavit of Howard M. Miller as Exhibit "B" were incorporated into the Complaint by reference to the charge of discrimination filed with the EEOC. *See Thomas v. Westchester County Health Care* (Footnote Continued)

Consequently, as a matter of law, the conduct of which plaintiff complains cannot be held to be motivated by retaliatory animus. *See Abbondanzo v. Health Management System*, 2001 WL 1297808 (S.D.N.Y. 2001) (dismissing retaliation claim where alleged retaliatory conduct took place prior to protected activity); *James-Gray v. Hanes Hoisery, Inc.*, 1998 WL 525819, *12 (S.D.N.Y. 1998) (dismissing retaliation claim stating: "This conduct cannot be deemed retaliatory, however, because the conduct began at least two months before [plaintiff] even filed her charge.").

Finally, to the extent that plaintiff seeks to use the 2007 failure to promote claims as separate claims apart from the retaliation claims, they must be dismissed because plaintiff failed to bring such claims to the attention of the EEOC. *See Ximines*, 2006 WL 2086483 at *7.

## POINT II

### THE COMPLAINT FAILS TO STATE A CLAIM UNDER SECTION 1981

**A. Plaintiff's § 1981 Claim Is Preempted By § 1983**

Plaintiff's Third Claim asserts a violation of 42 U.S.C. § 1981. Complaint ¶ 15. However, because plaintiff also asserts a claim under 42 U.S.C. § 1983 (Complaint ¶ 17) her Section 1981 claim must be dismissed.

In *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989), the Supreme Court held that "the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of rights guaranteed by § 1981 when the claim is pressed against a state actor." 491 U.S. at 735; *accord Anderson v. Convoy*, 156 F.3d 167, 176 n. 17 (2d Cir. 1998) (of course, a claim against a state actor would have to be brought pursuant to 42

---

*Corporation*, 232 F. Supp. 2d 273, 275-277 (S.D.N.Y. 2002) (incorporating a complete transcript of a disciplinary proceeding).

-8-

U.S.C. § 1983, which provides the "exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units"); *Perry v. Metropolitan Suburban Bus Authority*, 319 F. Supp. 2d 338, 342 (E.D.N.Y. 2004) (§ 1981 claims asserted against a state actor were preempted by § 1983); *Sullivan v. Newburgh Enlarged School District*, 281 F. Supp. 2d 689, 708 (S.D.N.Y. 2003) ("plaintiff's Section 1981 claim for racial discrimination must be pursued through Section 1983, as Section 1983 provides the exclusive remedy for violation of the rights guaranteed under Section 1981 in a claim against a state actor"). Thus, because plaintiff has also brought a Section 1983 claim, the Third Claim in the Complaint – the Section 1981 claim – must be dismissed.

**B.    A Section 1981 Claim Cannot Be Brought For Gender Discrimination**

The thrust of the Complaint is that plaintiff was discriminated against because of her gender. However, the law is "settled that Section 1981 does not prohibit discrimination on the basis of gender." *Anderson v. Conboy*, 156 F. 3d 167, 170 (2d Cir. 1998). The Third Claim must therefore be dismissed.

**POINT III**

**THE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER 42 U.S.C. § 1983**

**A.    Plaintiff's Claims Under 42 U.S.C. § 1983 Must Be Dismissed As To Defendant Village Of Scarsdale Because Plaintiff Has Failed To Plead A *Monell* Claim**

As a matter of law, the Village of Scarsdale cannot be held liable in this lawsuit under 42 U.S.C. § 1983. Municipalities cannot be held liable under Section 1983 on a theory of respondeat superior. *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978); *Birmingham v. Ogden*, 70 F. Supp. 2d 353, 373 (S.D.N.Y. 1999). In order for a municipality to be held liable in a Section 1983 action, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional

right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995); *Batista v. Rodriguez*, 702

F.2d 393, 397 (2d Cir. 1983); *see also Perkins v. New York City Department of Correction*, 887

F. Supp. 92 (S.D.N.Y. 1995) (because respondeat superior is not available under claims brought

pursuant to § 1983, "a Plaintiff must plead and prove a municipal policy and custom which

caused an alleged constitutional violation"); *Moscowitz v. Brown*, 850 F. Supp. 1185, 1197

(E.D.N.Y. 1994) (dismissing plaintiff's claim of discrimination by police department because

"plaintiff must demonstrate that defendant's actions were caused by a specific and identifiable

official policy" in order to state a claim under § 1983).

　　　　The Complaint here does not allege the existence of any official policy or custom that

caused the Plaintiff to suffer a constitutional deprivation.  The Section 1983 claims asserted

against Defendant Village of Scarsdale must therefore be dismissed.  *See, e.g., Van Emrik v.*

*Chemung County Dept. of Social Services*, 911 F.2d 863, 868 (2d Cir. 1990) (claim against

County dismissed because plaintiff failed to adequately allege any custom or policy that County

contributed to denial of plaintiff's constitutional rights); *Claudio v. City of New York*, 423

F. Supp. 2d 170, 172 (S.D.N.Y. 2006) ("No practices of the City of New York are even

mentioned in the instant Complaint, and even conclusory allegations of official custom or

practice will fail to survive a motion to dismiss"); *Brodeur v. City of New York*, 1998 WL

557599, *7, *9 (S.D.N.Y. 1998) (dismissing complaint against municipal defendant because "the

complaint fails to allege any policy or custom under which unconstitutional practices occurred.

The conclusory allegations in the complaint relate only to how Plaintiff was treated, not to any

policy or custom affecting the general populace or class of persons."); *Malone v. City of New*

*York*, 2006 WL 2524197, *3 (E.D.N.Y. 2006) ("As Malone's pleadings contain no such

allegations [of a custom or policy], his Section 1983 claims against the City must be

dismissed."); *Garel v. City of New York*, 2005 WL 878571 (E.D.N.Y. 2005) (granting 12(b)(6) motion dismissing Section 1983 claim: "plaintiff's assertions with respect to the existence of a policy are only conclusory, and insufficient to withstand a motion to dismiss"); *Davis v. County of Nassau*, 355 F. Supp. 2d 668 (E.D.N.Y. 2005) (granting 12(b)(6) motion dismissing § 1983 claim: "mere assertions that a municipality has a custom or policy of violating constitutional rights are insufficient to state a Section 1983 claim 'in the absence of allegations of fact tending to support, at least circumstantially, such an inference'"); *Dean v. New York City Transit Authority*, 297 F. Supp. 2d 549 (E.D.N.Y. 2004) (even under liberal notice pleading, "an allegation of municipal policy or custom [is] insufficient if wholly conclusory") *quoting Ricciuti v. New York City Transit Authority*, 941 F.2d 119, 124 (2d Cir. 1991); *Smith v. City of New York*, 290 F. Supp. 2d 317 (E.D.N.Y. 2003) (dismissing Section 1983 and Section 1985 claims brought by African-American lesbian where pleading contained only "boilerplate" allegations of custom or policy).

**B.    The Plaintiff's Claims Are Too Conclusory**

Even assuming, *arguendo*, that plaintiff had pled a *Monell* claim, her Section 1983 claim must nonetheless be dismissed because it is based on conclusory averments that are insufficient to withstand this motion. *See, e.g., James v. Federal Reserve Bank of New York*, 2005 WL 1889859, *4 (E.D.N.Y. 2005) (conclusory assertions that plaintiff was "treated differently than similarly situated, younger, white, male employees" insufficient to defeat motion to dismiss §1981 claim); *Uhlein v. County of Jefferson,* 2005 WL 928619 (N.D.N.Y. 2005) (collecting cases granting motions to dismiss where claims were based on conclusory averments); *see also Davis v. The County of Nassau*, 355 F. Supp. 2d 668 (E.D.N.Y. 2005) (granting (12)(b)(6) motion dismissing conclusory § 1983 claims); *Tamayo v. City of New York*, 2003 WL 21448366

(S.D.N.Y. 2003) (dismissing conclusory discrimination claims); *Hill v. Phillip Morris USA*, 2004 WL 1065548 (S.D.N.Y. 2004) (dismissing civil rights claims alleging race discrimination where allegations of discrimination were conclusory); *Mathon v. Feldstein*, 303 F. Supp. 2d 317, 325-326 (E.D.N.Y. 2004) (granting 12(b)(6) motion dismissing employment discrimination claims based on conclusory allegations); *Valle v. Bally Total Fitness,* 2003 WL 222445552 (S.D.N.Y. 2003) (granting 12(b)(6) motion dismissing complaint alleging plaintiff's employment was terminated because of his race, sex, national origin and age where the complaint contained no factual allegations supporting those claims); *Reyes v. Erickson*, 238 F.Supp.2d 632 (S.D.N.Y. 2003) ("naked assertions by plaintiff that race was a motivating factor without a fact-specific allegation of a causal link between defendant's conduct and the plaintiff's race are too conclusory.")

Plaintiff here claims that she was passed over for promotion because of her gender. However the Complaint provides no factual support whatsoever of this allegation except for plaintiff's conclusory belief that the individuals promoted were less qualified. Not only does the Complaint fail to identify these individuals, leaving the defendants to guess as to who she refers, it does not allege how they are "less qualified" or "less experienced" than the plaintiff as claimed. Such bald assertions are, as a matter of law, insufficient to state a claim for failure to promote. *See Timothy v. Our Lady of Mercy Medical Center*, 2007 WL 1120344 (2d Cir. February 21, 2007); *cf. Crawford-Mulley v. Corning Inc.*, 194 F. Supp. 2d 212, 219 (W.D.N.Y. 2002) ("an employee's subjective opinions about her qualifications or the lack of another candidate's qualifications are insufficient" to raise a triable issue of fact).

As the Second Circuit recently instructed in the context of summary judgment:

> "Most importantly, absent a striking disparity in such credentials, one should be very hesitant to draw any inference from a battle of

57067.1 7/11/2007

credentials . . . plaintiff seeking to prevent summary judgment on this basis must have credentials ... so superior ... that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over plaintiff for the job in question.") (internal quotations and citations omitted).[2]

2007 WL 1120344 at *3. To this end, in *Valle v. YMCA of Greater New York*, 2006 WL 2571946 (S.D.N.Y. 2006), Magistrate Maas granted a 12(b)(b) motion where, as here, the allegations of discrimination were conclusory:

> In his Third Amended Complaint, Valle asserts that Hawkins "decided to replace... Valle[ ] with a younger work force in order to attract younger members." ... Yet, he offers no facts to support this assertion. He does not provide the names of these "younger members," the dates of their employment, their positions, or any other identifying information which would support his ADEA claim. In addition, Valle pleads no facts whatsoever in relation to his claims of discrimination based on race, gender, and national origin under Title VII. Accordingly, Valle's Title VII and ADEA claims should be dismissed.

*Valle*, 2006 WL 2571946 at *6; *accord Mehrhoff*, 2005 WL 2077292 ("Plaintiff fails to support her claims of discrimination with any specific events, names or dates relating to the alleged discrimination based on her gender, age and sexual orientation. She merely makes broad and conclusory averments that she was selectively treated because of her sexual orientation, gender and age and this selective treatment led to her termination.")

As the above-quoted cases make clear, even under liberal notice pleading requirements, a plaintiff must do more than simply allege membership in a protected class – everyone is arguably a member of a protected classes – and the denial of a promotion. Were the rule otherwise, any individual denied a promotion could file a potentially frivolous lawsuit and survive a motion to dismiss, causing their employer to incur the inordinate time and expense of having to go through

---

[2] Here, plaintiff has not pled any facts giving notice of a claim as to how her credentials are superior at all let alone so superior that no rational person could have chosen the other candidate.

discovery and a motion for summary judgment. Here, for example, plaintiff alleges that two officers, one Jordanian and the other Hispanic, were promoted over her. Had plaintiff been given the promotion over these two officers, they could easily have brought national origin discrimination claims against the Village simply by throwing out the conclusory averment "discrimination," if such allegations were sufficient to survive a motion to dismiss. Clearly the law was not intended to put employers in this type of draconian "Catch-22."

## POINT IV

### THE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER THE HUMAN RIGHTS LAW

**A.    There Is No Respondeat Superior Liability Under The New York Executive Law**

Plaintiff's Fifth Claim asserts violations of Section 296 of the New York State Executive Law. *See* Complaint ¶ 19. As it is axiomatic that the doctrine of respondent superior is not available in employment discrimination cases brought under the Executive Law, plaintiff's Fifth Claim must be dismissed. *See Hart v. Sullivan*, 84 A.D.2d 865, 445 N.Y.S.2d 40 (3d Dep't 1981), *aff'd*, 55 N.Y.2d 896, 449 N.Y.S.2d 29 (1982). Rather, "an employer cannot be held liable for an employee's discriminatory act unless the employer became a party to it by encouraging, condoning, or approving it." *Forrest v. Jewish Guild*, 3 N.Y.3d 295, 786 N.Y.S.2d 382 (2004); *Escobar v. Spartan Assemblies, Inc.*, 267 A.D.2d 272, 700 N.Y.S.2d 206, 207 (2d Dep't 1999) (dismissing discrimination claims asserted under the Human Rights Law where there was no evidence that employer condoned the alleged discriminatory conduct); *Mehrhoff*, 2005 WL 2077292 (dismissing Human Rights Law claims: "Plaintiff makes no mention that the Board was aware of, condoned or encouraged the alleged selective treatment of Plaintiff.").

**B.**    **Plaintiff Failed To File A Notice Of Claim**

Plaintiff's Human Rights Law claims should be dismissed on the additional ground that she failed to file a notice of claim.  *See, e.g., Cotz v. Mastroni*, 476 F.Supp.2d 332, 355 (S.D.N.Y. 2007) (dismissing Human Rights Law claim against village for failure to file a notice of claim).[3]

**POINT V**

**PLAINTIFF'S CLAIMS ARE UNTIMELY**

Plaintiff, in conclusory fashion, alleges that defendants violated her rights under Title VII, 42 U.S.C. §§ 1981, 1983, and the New York State Human Rights Law ("NYSHRL"). The complaint, however, provides little detail regarding the claimed discriminatory acts underlying her claims and provides even less information as to when such acts occurred. Defendants are thus left to guess as to when the alleged discriminatory acts on which her claims are based took place. Nonetheless, to the extent that such acts occurred outside of the applicable statute of limitations periods, plaintiff's claims are time barred.

**A.**    **Plaintiff's Title VII Claims Are Barred By The 300 Day Statue Of Limitations**

In order to bring a valid claim under Title VII in New York, the plaintiff must first file a charge of discrimination with the EEOC within 300 days of the complained of discriminatory act. 42 U.S.C. §2000e-5(e); *Miller v. N.Y. City Health and Hosp. Corp.*, 2004 U.S. Dist. LEXIS 17050, *8-9 (S.D.N.Y. 2004). Failure to file a charge within the 300 day period, renders the claim untimely, as "[t]his statutory requirement effectively acts [as a] statute of limitations, and Title VII claims are bared by the failure to file a timely charge." *Hill v. Citibank Corp.*, 312 F. Supp. 2d 464 (S.D.N.Y. 2004); *see Butts v. City of New York Dep't of Housing Pres. and Dev.*,

---

[3] *But see Peterson v. Village of Ocean Beach*, 2006 WL 229917 (E.D.N.Y. 2006) (holding notice of claim is not a condition precedent to a Human Rights Law claim against a village).

-15-

990 F.2d 1397, 1401 (2d Cir. 1993) ("When a plaintiff fails to file a timely charge with the

EEOC, the claim is time-barred."); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d

Cir. 1996) ("This statutory requirement is analogous to a statute of limitations. … [O]nly events

that occurred during the 300-day period prior to filing … are actionable under Title VII."); *Butts*

*v. New York City Dep't of Housing Pres. and Dev.*, 2007 WL 259937, *6 (S.D.N.Y. 2007)

(same).

 This 300 day statute of limitations begins to run when each "discrete" discriminatory act

occurs, and is not subject to tolling by a claimed continuing violation. *See National Rail Road*

*Passenger Corp. v. Morgan*, 536 U.S. 101, 113-114 (2002) (continuing violation theory does not

apply to discrete acts of discrimination). A failure to promote is considered to be a discrete act of

discrimination. *Butts*, 2007 WL 259937 at *7 *citing Morgan*, 563 U.S. at 114; *Crosland v. City of*

*New York*, 140 F. Supp. 2d 300, 308 (S.D.N.Y. 2001) ("It is well-established that transfers,

demotions, failure to compensate adequately, and failure to promote are all discrete acts which

do not constitute a continuing violation."), *aff'd, Crosland v. Safir*, 54 Fed. Appx. 504 (2d Cir.

2002). Therefore, where the alleged discriminatory act is a failure to promote, the statute of

limitations begins to accrue when the promotion occurred.

 Here, plaintiff's second claim against the Village alleges that she was unlawfully

discriminated against when she was passed over for promotion. (Complaint ¶ 13). While

plaintiff fails to specify whether it is the 2006 or 2007 promotions (or both) that underlie this

claim, to the extent it can be read as referencing the 2006 promotions (Complaint ¶ 6), it is time

barred. With regard to the promotions allegedly occurring in the "Fall of 2006," the selection

process for these promotions, in fact, concluded in November 2005 (Field Training Officer) and

on February 28, 2006 (Traffic Enforcement Officer). *See* Miller Aff. Exhibit B. In as much as

plaintiff claims to have filed her charge with the EEOC on or about January 3, 2007 (Complaint ¶ 2), she has effectively conceded that her Title VII claims are untimely, because the EEOC charge was filed more than 300 days after the promotions occurred. As such, plaintiff's claim that the Village violated Title VII by passing her over for promotion must be dismissed as untimely.

**B.    Plaintiff's Claims Under The New York State Human Rights Law, 42 U.S.C. §§ 1981 and 42 U.S.C. § 1983 Are Barred By The Three Year Statue Of Limitations**

Plaintiff also alleges that the defendants violated the New York State Human Rights Law and 42 U.S.C. §§ 1981 and 1983. Claims of discrimination under the NYSHRL are governed by a three year statute of limitations. *Forsyth v. Fed'n Empl. & Guidance*, 409 F.3d 565, 572 (2d Cir. 2005); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996); *Hill v. Citibank Corp.*, 312 F. Supp. 2d 464, 474 (S.D.N.Y. 2004). Section 1983 and 1981 claims are likewise governed by a three year statute of limitations. *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). In addition, like that for Title VII claims, the respective statute of limitations that attaches to claims under NYSHRL, Section 1981, and Section 1983 are not subject to tolling under a continuing violations theory. *See Roberts v. County of Nassau*, 140 Fed. Appx. 277, 279 (2d Cir. 2005); *Washington v. County of Rockland*, 373 F.3d 310, 317-18 (2d Cir. 2004) (claims under Section 1981 and 1983); *Dawson v. Bumble & Bumble*, 398 F.3d 211, 217 (2d Cir. 2005) (NYSHRL claims).

The complaint in this case was filed on May 24, 2007. Although Plaintiff fails to provide much detail as to when the acts underlying her claims occurred, to the extent that her claims are based on acts occurring more than three years prior to filing – or in other words, prior to May 24, 2004 – they must be dismissed as untimely.

## **CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed in its entirety.

Dated:       Garden City, New York
             July 11, 2007

                                        Respectfully submitted,

                                        BOND, SCHOENECK & KING, PLLC


                                        By:   /s/Howard M. Miller
                                              Howard M. Miller (HMM: 4538)
                                              Attorneys for the Defendants
                                              1399 Franklin Avenue
                                              Garden City, New York  11530
                                              (516) 267-6300

Of Counsel:
         Terry O'Neil

-18-

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Jonathan Lovett, Esq.
LOVETT & GOULD, LLP
222 Bloomingdale Road
White Plains, New York 10605


s/    Howard M. Miller
Howard M. Miller (HMM:  4538)
Bond, Schoeneck & King, PLLC
Attorneys for Defendants
1399 Franklin Avenue, Suite 200
Garden City, New York  11530