UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

PAMELA J. BLANCO,

                Plaintiff,

-against-

JOHN BROGAN, individually and
the VILLAGE OF SCARSDALE,
New York,

                Defendants.

-----------------------------------------------------------x

07 Civ. 4065 (CLB)

**FIRST AMENDED COMPLAINT**

**Jury Trial Demanded**

RECEIVED
AUG 15 2007
USDC-WP-SDNY

       Plaintiff PAMELA J. BLANCO, by her attorneys Lovett & Gould, LLP, for her complaint respectfully states:

## NATURE OF THE ACTION

       1. This is an action for compensatory and punitive damages, proximately resulting from Defendants' conduct as engaged in under color of the laws of the State of New York, for violations of Plaintiff's rights as guaranteed by the Fourteenth Amendment pursuant to Title 42 U.S.C. 1983, and by Title VII, 42 U.S.C. 2000-e *et. seq.*

## JURISDICTION

       2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. With respect to Plaintiff's Title VII claim, on or about January 3, 2007, Plaintiff duly filed a

1

Charge of Discrimination (#520200701320) with the United States Equal Employment Opportunity Commission alleging discrimination on the basis of race, color, sex, and national origin. On April 4, 2007, the United States Department of Justice duly issued to Plaintiff a Notice of Right to Sue. As to Plaintiff's supplemental state law claim, the Court's jurisdiction is invoked pursuant to 28 U.S.C. §1367.

## THE PARTIES

3. Plaintiff PAMELA J. BLANCO is a Caucasian citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. Since April of 1996 she has been continuously employed by the Defendant Village as a police officer

4. Defendant JOHN BROGAN (hereinafter "Brogan"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly appointed Chief of Police of the Defendant Village. As such he has, over the years, made recommendations for the promotion of police officers to the Village Board and as a matter of established practice Brogan's recommendations are routinely granted by that Board. In practice Brogan, by means of his unilateral authority to recommend, controls *de facto* who is promoted within the Police Department.

5. Defendant VILLAGE OF SCARSDALE, New York (hereinafter "Village"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. During Brogan's tenure as Chief of Police he has, with the knowledge and approval of the Village Board, established and maintained a

work environment overwhelmingly hostile to females. In that connection, and in addition to the facts set forth *infra*:

    a. There has never been a female police supervisor in the Village's Police Department,

    b. For approximately eight years Plaintiff was the only female sworn member of the Police Department,

    c. A second female police officer transferred out of the Scarsdale Police Department to a different jurisdiction by reason of its gender hostile environment,

    d. The only other female officer, who has been employed by the Village for an abbreviated period of time, has by reason of back-to-back pregnancies rarely worked road patrol,

    e. The Police Department has no maternity leave policy,

    f. The Department has no locker room for female officers, who instead are required to change in a bathroom.

## THE FACTS

5. During Plaintiff's tenure with the Department she has repeatedly and continuously been subjected to systemic, gender-based disparate treatment with respect to the terms and conditions of employment including *inter alia*:

    a. Being repeatedly taken out of so-called field training by Lt. Bryant Clark who for hours required Plaintiff to ride in his police vehicle while he complained to her about his "bad marriage" and asked her whether she was "dating" anyone

3

- - circumstances that were unwelcome and unsolicited and which embarrassed Plaintiff, made her uncomfortable, and resulted in male members of the Department referring to Clarke as Plaintiff's "boyfriend". Separate and apart from forcing Plaintiff to ride with him, Clark had delivered to Plaintiff's home for Valentine's Day flowers and purchased for her a membership in a gym so he could "work out" with her.

    b. Being repeatedly skipped for promotion to the rank of Sergeant in favor of males,

    c. Being denied appointment as a Field Training Officer in favor of a lesser qualified, younger male,

    d. Being denied a Traffic Enforcement appointment in favor of a lesser qualified, younger male,

    e. Being denied an otherwise required special uniform for bike patrol, which uniform was provided to younger male officers,

    f. Being required to use the female "bathroom" as a locker room, and,

    g. Being repeatedly rejected for specialized training which was routinely provided to younger male police officers.

6. In or about November or December of 2005, Plaintiff was denied the opportunity for assignment as a Traffic Enforcement officer. The assignment was given instead to a less experienced male officer.

7. In or about February 2006, Plaintiff was denied the opportunity for assignment as a Field Training Officer. The assignment was given instead to a less senior, less experienced male officer.

8. The foregoing assignments are looked upon with favor and place officers so assigned in advantageous positions for promotion to sergeant.

9. Plaintiff duly filed a charge of discrimination with the EEOC on or about January 3, 2007 and following Plaintiff's filing of her Charge of Discrimination with the EEOC, for the first time:

    a. She was finally issued a uniform for bike patrol, and,

    b. She was permitted to be trained as an instructor in CPR.

10. However, following the filing of that charge of discrimination, Plaintiff was twice skipped in 2007 for promotion to the rank of Sergeant:

    a. The first time in favor of a lesser qualified male officer who placed lower than Plaintiff on the Civil Service Eligible List, and,

    b. The second time in favor of a lesser qualified male officer substantially junior to Plaintiff by way of seniority and also who also scored lower than Plaintiff on the subject Eligible List.

10. Under the premises Defendants' conduct has caused Plaintiff to suffer: substantial monetary losses; gross and irreparable impairment to her professional career and development; public humiliation; public embarrassment; anxiety; emotional upset; public shame; public ridicule; a violation of her right to equal treatment under the law; discrimination in terms and conditions of employment on the basis of gender, retaliation for having filed her Charge of Discrimination; and has otherwise been rendered sick and sore.

### AS AND FOR A FIRST CLAIM
### AGAINST THE VILLAGE

11. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

12. Under the premises by reason of the long-standing and established hostile work environment based upon gender, the Village violated Plaintiff's rights as guaranteed by Title VII.

### AS AND FOR A SECOND CLAIM AGAINST THE VILLAGE

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

14. Under the premises the Village's post-EEOC filing, retaliatory skipping of Plaintiff for promotion violated Plaintiff's rights as guaranteed by Title VII, 42 U.S.C. 2000-e et seq.

### AS AND FOR A THIRD CLAIM AGAINST BROGAN AND THE VILLAGE

15. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

16. Under the premises Defendants' conduct violated Plaintiff's right to Equal Protection as guaranteed her by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A FOURTH CLAIM AGAINST BROGAN AND THE VILLAGE

17. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

18. Under the premises the Village, acting as Plaintiff's employer, and Brogan in the capacity of an aider and abettor, violated Plaintiff's rights as guaranteed by reason of Section 296 *et. seq* of the New York State Executive Law.

WHEREFORE a judgment is respectfully requested:

a. Awarding on the First, Second Claim and Third claims against the Village such compensatory damages as the jury may determine, along with reasonable attorney's fees and costs, and

b. Awarding on the Third Claim as against Brogan such punitive damages as the jury may impose, along with reasonable attorneys fees and costs, and

c. Awarding on the Fourth claim against Brogan and the Village such compensatory damages as the jury may determine , and

d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
August 15, 2007

LOVETT & GOULD, LLP
By: /s/ Jane Bilus Gould (JBG4510)
Jane Bilus Gould (JBG4510)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, New York 10605
914-428-8401