UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
PAMELA J. BLANCO,                                    07 Civ. 4065 (CLB)(GAY)

                              Plaintiff,

        -against-

JOHN BROGAN, individually and
the VILLAGE OF SCARSDALE,
New York,

                              Defendants.
----------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT VILLAGE OF SCARSDALE'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

Page

ARGUMENT ........................................................................................................................2

POINT I ...............................................................................................................................2

    STANDARD OF REVIEW ...............................................................................................2

POINT II ..............................................................................................................................3

    THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER TITLE
    VII ....................................................................................................................................3

    A.    The First Amended Complaint Fails To State A Claim For A Hostile Work
           Environment...............................................................................................................3

    B.    The Complaint Fails To State A Cause of Action For Retaliation ...........................7

POINT III..............................................................................................................................9

    THE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH
    RELIEF CAN BE GRANTED UNDER 42 U.S.C. § 1983 ................................................9

    A.    Plaintiff's Claims Under 42 U.S.C. § 1983 Must Be Dismissed As To Defendant
           Village   Of Scarsdale Because Plaintiff Has Failed To Plead A *Monell* Claim .... 9

    B.    The Plaintiff's Claims Are Too Conclusory .........................................................10

POINT IV ...........................................................................................................................14

    THE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE
    GRANTED UNDER THE NEW YORK HUMAN RIGHTS LAW....................................14

    A    There Is No Respondeat Superior Liability Under The New York
           Executive Law ......................................................................................................14

    B.    Plaintiff Failed To File A Notice Of Claim .........................................................15

POINT V.............................................................................................................................15

    PLAINTIFF'S CLAIMS ARE UNTIMELY .................................................................15

    A.    Plaintiff's Hostile Work Environment Claim Is Barred By The 300 Day Statue Of
           Limitations Applicable To Title VII Claims .........................................................16

    B.    Plaintiff's Claims Under The New York State Human Rights Law And 42 U.S.C.
           § 1983 Are Barred By The Three Year Statue Of Limitations.............................16

CONCLUSION....................................................................................................................17

# ARGUMENT

## POINT I

### STANDARD OF REVIEW

When addressing a motion to dismiss, while the court will take the well-pleaded allegations in a complaint as true, "allegations that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the Plaintiff complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim." *Mehrhoff v. William Floyd School District*, 2005 WL 2077292, *3 (E.D.N.Y. 2005) *citing Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir. 1987); *see also Magee v. Nassau County Medical Center*, 27 F. Supp. 2d 154 (E.D.N.Y. 1998) (same).

In *Barr v. Abrams*, the Second Circuit made clear that conclusory averments are not sufficient to state a claim under the civil rights laws:

> As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.

810 F.2d 358, 363 (2d Cir. 1987); *see Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996) ("While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice.").

As will be demonstrated below, the First Amended Complaint in this case contains only conclusory averments that are designed to "shock but have no meaning" and fails to put the Defendants on notice of the factual grounds upon which plaintiff's claims are based. *Barr*, 810

F.2d at 363.  The First Amended Complaint is therefore fatally deficient and must be dismissed. *Id*.

## POINT II

## THE FIRST AMENDED COMPLAINT FAILS
## TO STATE A CLAIM UNDER TITLE VII

**A.    The First Amended Complaint Fails To State A Claim For A Hostile Work Environment**

The First Claim alleges a hostile work environment under Title VII.  *See* First Amended Complaint at ¶12.  From as best can be gleaned from the First Amended Complaint, the allegations upon which plaintiff premises this claim are set forth in paragraph 5(a) and pertain to a Lt. Bryant Clark discussing his "bad marriage" with plaintiff, asking her if she was "dating" anyone, sending her flowers and paying for her gym membership.  There is no indication anywhere within the pleading when these incidents took place.  *See* First Amended Complaint ¶5(a).  There is also no indication that plaintiff complained to anyone about this alleged conduct or even let Lt. Clark know that his conduct was unwelcome.

As a threshold matter, Plaintiff's  hostile work environment claim under Title VII must be dismissed because the facts that form the basis of same were not included in her EEOC charge. *See* Miller Aff. Exhibit A.  "As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and timely file a complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003); *Whyte v. Contemporary Guidance Services, Inc.*, 2004 WL 1497560 (S.D.N.Y. 2004).  Thus, "[a] district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the charge which is 'reasonably related' to that alleged in the EEOC charge." *Butts v. City of New York Dep't of Housing Pres. And Dev.*, 990 F.2d 1397 (2d Cir.

57782.1 9/18/2007

1993), *superseded by statute on other grounds as stated in Hawkins v. 1115 Legal Services Care*, 163 F.3d 684, 693 (2d Cir. 1998); S*undaram v. Brookhaven Nat'l Labs.*, 424 F. Supp. 2d 545 (E.D.N.Y. 2006). "Adherence to this jurisdictional prerequisite is essential to preserve the purpose of filing an EEOC charge, 'which is to encourage settlement of discrimination claims through conciliation and voluntary compliance.' That purpose would be defeated if a plaintiff could bring claims in a lawsuit which had not been presented to, and investigated by, the EEOC." *Sundaram*, 424 F. Supp. 2d at 545 *quoting Butts*, 990 F.2d at 1401.

An exception to this exhaustion requirement does exist, however, for claims that are "reasonably related to those that were filed with the agency." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001). A claim is deemed "reasonably related" where "the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Deravin*, 335 F.3d at 200-201 *quoting Fitzgerald v. Henderson*, 251 F.3d 345, 359-60 (2d Cir. 2001). Such a determination of relatedness is dependent on the factual allegations made within the actual EEOC charge that was filed. *Deravin*, 335 F.3d at 201.

Here, plaintiff has failed to exhaust her administrative remedies with respect to her hostile work environment claim. Plaintiff's EEOC charge did not assert a hostile work environment claim, either on the cover sheet or elsewhere, and nowhere in the narrative portion of the charge did plaintiff make any factual allegations that could give rise to such a claim. Furthermore, to the extent that her claims are time barred (*see* Point V, *infra*), they "cannot serve as predicates for allegations in the complaint said to be reasonably related," in order to save her hostile work environment claim. *Butts*, 990 F.2d at 1403. Accordingly, plaintiff is now barred from pursuing a hostile work environment claim in this case because she did not raise such a

-4-

claim in her EEOC charge. *See Butts*, 990 F.2d at 1402 (dismissing claim that plaintiff was

discriminatorily denied promotion because such a claim was not included in the charge filed with

the EEOC); *Waterman v. Register.com, Inc.*, 2005 WL 2759825, *1 (S.D.N.Y. 2005) (dismissing

Title VII claim where it was not first asserted in charge filed with the EEOC because claims that

are not "reasonably related to those actually made to the EEOC cannot be pursued" in federal

court); *James v. Federal Reserve Bank of New York*, 2005 WL 1889859, *5 (E.D.N.Y. 2005)

(dismissing race discrimination claim for failure to exhaust administrative remedies where it was

not alleged in EEOC charge).

Nonetheless, assuming, *arguendo*, that plaintiff's hostile work environment claim is

properly before the Court, it must nonetheless be dismissed because the allegations in the First

Amended Complaint, even if taken as true, do not rise to the level of a hostile work environment.

As the Second Circuit has stated, in order to state a hostile work environment claim:

> [A] plaintiff must show that the harassment was sufficiently severe
> or pervasive to alter the conditions of the victim's employment and
> create an abusive working environment. ... Among the factors to
> consider when determining whether an environment is sufficiently
> hostile are the frequency of the discriminatory conduct; its
> severity; whether it is physically threatening or humiliating, or a
> mere offensive utterance; and whether it unreasonably interferes
> with an employee's work performance. ... As a general rule,
> incidents must be more than episodic, they must be sufficiently
> continuous and concerted in order to be deemed pervasive.

*Terry v. Ashcroft*, 336 F.3d 128, 147-148 (2d Cir. 2003). The conduct alleged to underlie

plaintiff's hostile work environment claim (see Complaint ¶5(a)) simply does not rise to this

level. *See, e.g., Whyte v. Contemporary Guidance Services*, 2004 WL 1497560, *4-5 (S.D.N.Y.

2004) (granting 12(b)(6) motion and dismissing hostile environment claim where allegations in

the complaint were not sufficiently severe or pervasive); *James v. Federal Reserve Bank*, 2005

WL 1889859, *7-8 (E.D.N.Y. 2005) (collecting cases granting 12(b)(6) motions dismissing

discrimination claims and holding that, even under liberal notice pleadings, allegations that

plaintiff "was constantly harassed," subjected to "a pattern of slurs and innuendos based on race,

gender and age," called a "heifer" and a "slut," insufficient to state a hostile work environment

claim); *see also Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)

(stating that "[t]he words 'hostile work environment' are not talismanic, for they are but a legal

conclusion; it is the alleged facts supporting those words, construed liberally, which are the

proper focus at the motion to dismiss stage").

In *Prince v. Cablevision Systems Corp.*, 2005 WL 1060373 (S.D.N.Y. 2005), for

example, the plaintiff alleged that a male employee tried to kiss her, told her he wanted to have

sex with her and solicited her to go into a public bathroom to do so. In granting the employer's

12(b)(6) motion, Judge Sweet noted:

> Courts have held that conduct far more egregious than that alleged
> here was insufficient as a matter of law to establish a hostile work
> environment, even when such conduct occurred in the workplace."
> *See, e.g., Benette v. Cinemark U.S.A., Inc.*, 295 F. Supp. 2d 243,
> 247 (W.D.N.Y. 2003) (manager's constant use of the word "fuck"
> and comments regarding female employees having a "nice ass" or
> "big tits" not severe or pervasive); *accord Forts v. City of New
> York Dep't of Corrections*, 2003 WL 21279439, *6-7 (S.D.N.Y.
> 2003) (several incidents, including comment about "sex in all
> positions," a bondage poster showing men and women, and a co-
> worker touching plaintiff's shoulder and running away, not severe
> or pervasive); *Gregg v. N.Y. State Dep't of Tax'n & Fin.*, 1999 WL
> 225534, *12 (S.D.N.Y. 1999) (ten or fifteen allegedly
> inappropriate conversations, four instances of allegedly offensive
> touching, and repeated invitations to meals, drinks, and such over a
> three to four month period were not "sufficiently severe or
> pervasive"); *Lucas v. South Nassau Community Hospital*, 54 F.
> Supp. 2d 141, 148 (E.D.N.Y. 1998) (brushing up against plaintiff
> on three occasions, touching her hand, back or shoulder on five to
> seven occasions, twice saying to plaintiff "fuck you," suggesting
> that plaintiff "wanted to go to bed with" the harasser, and asking
> the color of plaintiff's underwear on two to three occasions was
> not sufficient to constitute a hostile work environment); *Grossman
> v. The Gap, Inc.*, 1998 WL 142143, *5 (S.D.N.Y. 1998)

> (repeatedly asking plaintiff out on dates, following her around the store asking her to model a bathing suit, and making one sexually suggestive comment did not constitute a hostile work environment).

2005 WL 1060373 at *8.

Put simply, even under liberal notice pleading requirements, plaintiff's hostile environment claim fails as a matter of law, as her alleged basis is insufficient to state such a claim.

## B.    The Complaint Fails To State A Cause of Action For Retaliation

The Second Claim in the Complaint alleges that plaintiff was retaliated against by being passed over for promotions after filing her EEOC complaint. *See* First Amended Complaint at ¶¶ 10, 14.  This type of bald conclusory allegation is insufficient to state a claim. *See Ximines v. George Wingate High School*, 2006 WL 2086483 (E.D.N.Y. 2006) (dismissing retaliation claim based on a failure to promote because plaintiff failed to make sufficient factual allegations to that the failure to promote was retaliatory); *Mehrhoff*, 2005 WL 2077292 at *5 (dismissing claim where "[p]laintiff fail[ed] to sate particularities of her retaliation claim"); *Kato v. Ishihara*, 239 F. Supp. 2d 539, 364-365 (S.D.N.Y. 2002) (dismissing claim where complaint did not provide details regarding the alleged retaliation); *see generally Albert v. Carovano*, 851 F.2d 561 (2d Cir. 1988) (dismissing Section 1981 claim alleging that defendant selectively enforced its rules against appellants based on their race because the claims were "too conclusory to survive a motion to dismiss.").

In *Valle v. YMCA of Greater New York*, 2006 WL 2571946 (S.D.N.Y. 2006), for example, Magistrate Maas granted an employer's 12(b)(b) motion and dismissed a retaliation claim, holding:

> Although the Court must accept Valle's *factual* allegations made in the Complaint as true and draw all reasonable inferences in his

-7-

57782.1 9/18/2007

> favor, his "[l]egal conclusions, deductions or opinions couched as
> factual allegations are not given a presumption of truthfulness."
> *[United States v.] Bonanno Organized Crime Family of La Cosa
> Nostra,* 879 F.2d [20,] 27 [2d Cir. 1989)]. Here, Valle's
> allegations of retaliation are merely "conclusory allegations."
> Accordingly, Valle's retaliation claims should be dismissed.

2006 WL 2571946 at *7 (emphasis in original). Similarly, in *Ximines v. George Wingate High

School*, 2006 WL 2086483 (E.D.N.Y. 2006), the Court granted a 12(c) motion dismissing

retaliation claims and held:

> The overwhelming bulk of the factual allegations present in
> Ximines's Complaint relate to the failure to promote her to the
> Assistant Principal position at [George Wingate High School], first
> on a temporary basis and then on a permanent basis, and her
> subsequent interpersonal conflicts with the woman who was hired
> for the position and thus subsequently exercised supervisory
> responsibility over her. Though she has made a "simple
> declaration that defendant's conduct violated the ultimate legal
> standard at issue," such a conclusory allegation "does not suffice"
> to survive a motion to dismiss, *Gregory [v. Daly]*, 243 F.3d [687,]
> 692 [2d Cir. 2001)], because she has failed to allege
> "circumstances giving rise to a plausible inference of…
> discriminatory intent." *Yusuf [v. Vassar College]*, 35 F.3d [709,]
> 713 [(2d Cir. 1994)].
>
> In the end, even assuming that Ximines has alleged that she
> complained about discrimination and that Defendants failed to
> promote her, she has wholly failed to provide factual allegations
> that support a plausible inference of any causal relationship
> between her complaints and any adverse action, or discriminatory
> intent on the part of any of the Defendant's employees. While the
> Court gives her the benefit of every plausible inference assuming
> her pleadings are true, it will not assume additional facts to support
> her conclusory allegations. Her retaliation claim cannot survive a
> motion to dismiss.

2006 WL 2086483 at *8-9.

Plaintiff's retaliation claim is simply too conclusory to withstand this motion to dismiss.

57782.1 9/18/2007

## POINT III

### THE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER 42 U.S.C. § 1983

A.    **Plaintiff's Claims Under 42 U.S.C. § 1983 Must Be Dismissed As To Defendant Village Of Scarsdale Because Plaintiff Has Failed To Plead A *Monell* Claim**

As a matter of law, the Village of Scarsdale cannot be held liable in this lawsuit under 42

U.S.C. § 1983.  Municipalities cannot be held liable under Section 1983 on a theory of

respondeat superior.  *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978); *Birmingham v.*

*Ogden*, 70 F. Supp. 2d 353, 373 (S.D.N.Y. 1999).  In order for a municipality to be held liable in

a Section 1983 action, "a plaintiff is required to plead and prove three elements:  (1) an official

policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional

right."  *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995); *Batista v. Rodriguez*, 702

F.2d 393, 397 (2d Cir. 1983); *see also Perkins v. New York City Department of Correction*, 887

F. Supp. 92 (S.D.N.Y. 1995) (because respondeat superior is not available for claims brought

pursuant to § 1983, "a Plaintiff must plead and prove a municipal policy and custom which

caused an alleged constitutional violation"); *Moscowitz v. Brown*, 850 F. Supp. 1185, 1197

(E.D.N.Y. 1994) (dismissing plaintiff's claim of discrimination by police department because

"plaintiff must demonstrate that defendant's actions were caused by a specific and identifiable

official policy" in order to state a claim under § 1983).

The First Amended Complaint filed in this case does not allege the existence of any

official policy or custom that caused the Plaintiff to suffer a constitutional deprivation.  The

Section 1983 claims asserted against Defendant Village of Scarsdale must therefore be

dismissed.  *See, e.g., Van Emrik v. Chemung County Dep't of Social Serv.*, 911 F.2d 863, 868 (2d

Cir. 1990) (claim against County dismissed because plaintiff failed to adequately allege any

57782.1 9/18/2007

custom or policy that County contributed to denial of plaintiff's constitutional rights); *Claudio v. City of New York*, 423 F. Supp. 2d 170, 172 (S.D.N.Y. 2006) ("No practices of the City of New York are even mentioned in the instant Complaint, and even conclusory allegations of official custom or practice will fail to survive a motion to dismiss"); *Brodeur v. City of New York*, 1998 WL 557599, *7, *9 (S.D.N.Y. 1998) (dismissing complaint against municipal defendant because "the complaint fails to allege any policy or custom under which unconstitutional practices occurred. The conclusory allegations in the complaint relate only to how Plaintiff was treated, not to any policy or custom affecting the general populace or class of persons."); *Malone v. City of New York*, 2006 WL 2524197, *3 (E.D.N.Y. 2006) ("As Malone's pleadings contain no such allegations [of a custom or policy], his Section 1983 claims against the City must be dismissed."); *Garel v. City of New York*, 2005 WL 878571 (E.D.N.Y. 2005) (granting 12(b)(6) motion and dismissing Section 1983 claim: "plaintiff's assertions with respect to the existence of a policy are only conclusory, and insufficient to withstand a motion to dismiss"); *Davis v. County of Nassau*, 355 F. Supp. 2d 668 (E.D.N.Y. 2005) (granting 12(b)(6) motion and dismissing Section 1983 claim: "mere assertions that a municipality has a custom or policy of violating constitutional rights are insufficient to state a Section 1983 claim 'in the absence of allegations of fact tending to support, at least circumstantially, such an inference'"); *Dean v. New York City Transit Authority*, 297 F. Supp. 2d 549 (E.D.N.Y. 2004) (even under liberal notice pleading, "an allegation of municipal policy or custom [is] insufficient if wholly conclusory"); *Smith v. City of New York*, 290 F. Supp. 2d 317 (E.D.N.Y. 2003) (dismissing Section 1983 and Section 1985 claims brought by African-American lesbian where pleading contained only "boilerplate" allegations of custom or policy).

**B.    The Plaintiff's Claims Are Too Conclusory**

57782 1 9/18/2007

Even assuming, *arguendo*, that plaintiff had pled a *Monell* claim, her Section 1983 claim must nonetheless be dismissed because it is based on conclusory averments that are insufficient to withstand this motion. *See, e.g., James v. Federal Reserve Bank of New York*, 2005 WL 1889859, *4 (E.D.N.Y. 2005) (conclusory assertions that plaintiff was "treated differently than similarly situated, younger, white, male employees" insufficient to defeat motion to dismiss §1981 claim); *Uhlein v. County of Jefferson,* 2005 WL 928619 (N.D.N.Y. 2005) (collecting cases granting motions to dismiss where claims were based on conclusory averments); *see also Davis v. The County of Nassau*, 355 F. Supp. 2d 668 (E.D.N.Y. 2005) (granting (12)(b)(6) motion dismissing conclusory § 1983 claims); *Tamayo v. City of New York*, 2003 WL 21448366 (S.D.N.Y. 2003) (dismissing conclusory discrimination claims); *Hill v. Phillip Morris USA*, 2004 WL 1065548 (S.D.N.Y. 2004) (dismissing civil rights claims alleging race discrimination where allegations of discrimination were conclusory); *Mathon v. Feldstein*, 303 F. Supp. 2d 317, 325-326 (E.D.N.Y. 2004) (granting 12(b)(6) motion dismissing employment discrimination claims based on conclusory allegations); *Valle v. Bally Total Fitness,* 2003 WL 222445552 (S.D.N.Y. 2003) (granting 12(b)(6) motion dismissing complaint alleging plaintiff's employment was terminated because of his race, sex, national origin and age where the complaint contained no factual allegations supporting those claims); *Reyes v. Erickson*, 238 F.Supp.2d 632 (S.D.N.Y. 2003) ("naked assertions by plaintiff that race was a motivating factor without a fact-specific allegation of a causal link between defendant's conduct and the plaintiff's race are too conclusory.")

Plaintiff claims that she was passed over for promotions because of her gender. The First Amended Complaint provides no factual support whatsoever of these allegation except for plaintiff's conclusory belief that the individuals promoted were less qualified. Not only does the

First Amended Complaint fail to identify these individuals, it does not allege how they are "less qualified" or "less experienced" than the Plaintiff as claimed. Such bald assertions are, as a matter of law, insufficient to state a claim for failure to promote. *See Timothy v. Our Lady of Mercy Medical Center*, 2007 WL 1120344 (2d Cir. February 21, 2007); *cf. Crawford-Mulley v. Corning Inc.*, 194 F. Supp. 2d 212, 219 (W.D.N.Y. 2002) ("an employee's subjective opinions about her qualifications or the lack of another candidate's qualifications are insufficient" to raise a triable issue of fact).

Under the well-settled case law in this Circuit, an employer enjoys the freedom to choose between qualified candidates when it is deciding who to promote to a given position. *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001). Expounding on this freedom, the Second Circuit has expressly held that courts "must respect the employer's unfettered discretion to choose among qualified candidates" and must not substitute its judgment for that of the employer. *Id.*; *see also Buompane v. Citibank, N.A.*, 2002 WL 603036, *14 (S.D.N.Y. Apr. 18, 2002) ("[A] court may not 'act as a super personnel department that second guesses employers' business judgments,' so long as those judgments … are not made with discriminatory intent.").

As the Second Circuit recently instructed in the context of summary judgment:

> Most importantly, absent a striking disparity in such credentials, one should be very hesitant to draw any inference from a battle of credentials . . . plaintiff seeking to prevent summary judgment on this basis must have credentials … so superior … that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over plaintiff for the job in question.[1]

---

[1] Here, plaintiff has not pled any facts giving notice of a claim as to how her credentials are at all superior, let alone so superior that no rational person could have chosen the other candidates.

-12-

2007 WL 1120344 at *3 (internal quotations and citations omitted); *see also Chavez v. Iberia Foods Corp.*, 2007 WL 1959028, *5 (E.D.N.Y. June 28, 2007) (granting summary judgment for employer because plaintiff's "argument [that he was more qualified] ignores that a business manager may exercise his business judgment to choose freely among qualified candidates"); *Gupta v. New York City Sch. Constr. Auth.*, 2007 WL 1827418, * (E.D.N.Y. June 25, 2007) (granting summary judgment for employer stating, "[p]laintiff has also repeatedly argued … that he was more qualified than the individual who filled the position … I find that both conjecture and irrelevant. Even if it is true that Plaintiff was the more qualified candidate … I 'must respect the employer's unfettered discretion to choose among qualified candidates.'"); *Rumala v. New York City Transit Authority*, 2005 WL 2076596, *14 (E.D.N.Y. 2005) ("Under the law … it is the perception of the decision maker, and not that of plaintiff, which is relevant. Simply because plaintiff's perceptions of his own qualifications differ from those of his employer does not entitle us to delve into the question of which portrayal is the correct one [because this Court] does not sit as a super-personnel department that reexamines an entity's business decisions." (alteration in original)).

To this end, in *Valle v. YMCA of Greater New York*, 2006 WL 2571946 (S.D.N.Y. 2006), Magistrate Maas granted a 12(b)(b) motion where, as here, the allegations of discrimination were conclusory:

> In his Third Amended Complaint, Valle asserts that Hawkins "decided to replace … Valle[ ] with a younger work force in order to attract younger members." … Yet, he offers no facts to support this assertion. He does not provide the names of these "younger members," the dates of their employment, their positions, or any other identifying information which would support his ADEA claim. In addition, Valle pleads no facts whatsoever in relation to his claims of discrimination based on race, gender, and national origin under Title VII. Accordingly, Valle's Title VII and ADEA claims should be dismissed.

-13-

*Valle*, 2006 WL 2571946 at *6; *accord Mehrhoff*, 2005 WL 2077292 ("Plaintiff fails to support her claims of discrimination with any specific events, names or dates relating to the alleged discrimination based on her gender, age and sexual orientation. She merely makes broad and conclusory averments that she was selectively treated because of her sexual orientation, gender and age and this selective treatment led to her termination.").

As the above-quoted cases make clear, even under liberal notice pleading requirements, a plaintiff must do more than simply allege membership in a protected class – everyone is arguably a member of a protected classes – and the denial of a promotion. Were the rule otherwise, any individual denied a promotion could file a potentially frivolous lawsuit and survive a motion to dismiss, causing their employer to incur the inordinate time and expense of having to go through discovery and a motion for summary judgment. Thus, where, as here, a plaintiff makes mere speculative allegations that she was more qualified for a position than were the individuals ultimately selected for promotion, such are legally insufficient and should be dismissed.

## POINT IV

### THE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER THE NEW YORK HUMAN RIGHTS LAW

**A.    There Is No Respondeat Superior Liability Under The New York Executive Law**

Plaintiff's Fourth Claim asserts violations of Section 296 of the New York State Executive Law. *See* First Amended Complaint ¶ 18. Since it is axiomatic that the doctrine of respondent superior is not available in employment discrimination cases brought under the Executive Law, Plaintiff's Fourth Claim must be dismissed. *See Hart v. Sullivan*, 84 A.D.2d 865, 445 N.Y.S.2d 40 (3d Dep't 1981), *aff'd*, 55 N.Y.2d 896, 449 N.Y.S.2d 29 (1982). Indeed, "an employer cannot be held liable for an employee's discriminatory act unless the employer

became a party to it by encouraging, condoning, or approving it." *Forrest v. Jewish Guild*, 3 N.Y.3d 295, 786 N.Y.S.2d 382 (2004); *Escobar v. Spartan Assemblies, Inc.*, 267 A.D.2d 272, 700 N.Y.S.2d 206, 207 (2d Dep't 1999) (dismissing discrimination claims asserted under the Human Rights Law where there was no evidence that the employer condoned the alleged discriminatory conduct); *Mehrhoff*, 2005 WL 2077292 (dismissing Human Rights Law claims: "Plaintiff makes no mention that the Board was aware of, condoned or encouraged the alleged selective treatment of Plaintiff.").

**B.     Plaintiff Failed To File A Notice Of Claim**

Plaintiff's Human Rights Law claims should be dismissed on the additional ground that she failed to file a notice of claim. *See, e.g.*, *Cotz v. Mastroni*, 476 F. Supp. 2d 332, 355 (S.D.N.Y. 2007) (dismissing Human Rights Law claim against village for failure to file a notice of claim).[2]

**POINT V**

**PLAINTIFF'S CLAIMS ARE UNTIMELY**

Plaintiff, in conclusory fashion, alleges that defendants violated her rights under Title VII, 42 U.S.C. § 1983, and the New York State Human Rights Law ("NYSHRL"). The First Amended Complaint, however, provides little detail regarding the discriminatory acts allegedly underlying her claims and provides even less information as to when such acts occurred. Defendants are thus left to guess as to when the alleged discriminatory acts on which her claims are based took place. Nonetheless, to the extent that such acts occurred outside of the applicable statute of limitations periods, Plaintiff's claims are time barred.

---

[2] *But see Peterson v. Village of Ocean Beach*, 2006 WL 229917 (E.D.N.Y. 2006) (holding notice of claim is not a condition precedent to a Human Rights Law claim against a village).

57782 1 9/18/2007

A.    **Plaintiff's Hostile Work Environment Claim Is Barred By The 300 Day Statue Of Limitations Applicable To Title VII Claims**

In order to bring a valid claim under Title VII in New York, the plaintiff must first file a charge of discrimination with the EEOC within 300 days of the complained of discriminatory act. 42 U.S.C. §2000e-5(e); *Miller v. N.Y. City Health and Hosp. Corp.*, 2004 U.S. Dist. LEXIS 17050, *8-9 (S.D.N.Y. 2004). Failure to file a charge within the 300 day period, renders the claim untimely, as "[t]his statutory requirement effectively acts [as a] statute of limitations, and Title VII claims are bared by the failure to file a timely charge." *Hill v. Citibank Corp.*, 312 F. Supp. 2d 464 (S.D.N.Y. 2004); *see Butts v. City of New York Dep't of Housing Pres. and Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993) ("When a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred."); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996) ("This statutory requirement is analogous to a statute of limitations. ... [O]nly events that occurred during the 300-day period prior to filing ... are actionable under Title VII."); *Butts v. New York City Dep't of Housing Pres. and Dev.*, 2007 WL 259937, *6 (S.D.N.Y. 2007) (same).

Plaintiff's First Claim against the Village alleges that she was subject to a hostile work environment in violation of Title VII.  No where in the First Amended Complaint is it specified when the acts apparently underlying her claim occurred. *See* First Amended Complaint at ¶ 5(a). Consequently, to the extent that Plaintiff's hostile work environment claim is based on pre-January 3, 2007 conduct, her claim is untimely.

B.    **Plaintiff's Claims Under The New York State Human Rights Law And 42 U.S.C. § 1983 Are Barred By The Three Year Statue Of Limitations**

Plaintiff alleges that the defendants violated the New York State Human Rights Law ("NYSHRL") and 42 U.S.C. § 1983. Claims of discrimination under the NYSHRL are governed

57782.1 9/18/2007

by a three year statute of limitations. *Forsyth v. Fed'n Empl. & Guidance*, 409 F.3d 565, 572 (2d

Cir. 2005); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996); *Hill v.

Citibank Corp.*, 312 F. Supp. 2d 464, 474 (S.D.N.Y. 2004). Section 1983 claims are likewise

governed by a three year statute of limitations. *Patterson v. County of Oneida*, 375 F.3d 206, 225

(2d Cir. 2004).

The initial complaint in this case was filed on May 24, 2007.  Although Plaintiff fails to

provide much detail as to when the acts underlying her claims occurred, to the extent that her

claims are based on acts occurring more than three years prior to filing – or in other words, prior

to May 24, 2004 – they must be dismissed as untimely.

## CONCLUSION

For the foregoing reasons, the First Amended Complaint should be dismissed in its
entirety.

Dated:      Garden City, New York
            September 21, 2007

                                   Respectfully submitted,

                                   BOND, SCHOENECK & KING, PLLC

                                   By:  /s/Howard M. Miller
                                   Howard M. Miller (HMM: 4538)
                                   Attorneys for Defendant, Village of Scarsdale
                                   1399 Franklin Avenue
                                   Garden City, New York  11530
                                   (516) 267-6300

Of Counsel:
       Terry O'Neil
       Jessica C. Satriano

57782.1 9/18/2007

# CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

LOVETT & GOULD, LLP
222 Bloomingdale Road
White Plains, New York 10605

KEANE & BEANE
445 Hamilton Avenue, 15th Floor
White Plains, New York 10601

s/    Howard M. Miller
Howard M. Miller (HMM: 4538)
Bond, Schoeneck & King, PLLC
Attorneys for Defendant, Village of Scarsdale
1399 Franklin Avenue, Suite 200
Garden City, New York 11530

57782.1 9/18/2007