UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

PAMELA J. BLANCO,

                Plaintiff,                          07 Civ. 4065 (CLB)

   -against-

JOHN BROGAN, individually and the
VILLAGE OF SCARSDALE, New York,

                Defendants.
------------------------------------------------------------------------x


# MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANT BROGAN'S
# MOTION TO DISMISS THE FIRST AMENDED COMPLAINT


KEANE & BEANE, P.C.
Attorneys for Defendant Brogan
445 HAMILTON AVENUE, 15TH FLOOR
WHITE PLAINS, NEW YORK 10601
(914) 946-4777

## **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................................1

II. STATEMENT OF FACTS ........................................................................................2

III. ARGUMENT..............................................................................................................4

    POINT I
    THE STANDARD OF REVIEW ...............................................................................4

    POINT II
    PLAINTIFF'S EQUAL PROTECTION CLAIM SHOULD BE
    DISMISSED AS AGAINST CHIEF BROGAN ........................................................5

        A.    Legal Framework..........................................................................................5

        B.    Personal Involvement Has Not Been Alleged
            With Respect To Chief Brogan ....................................................................6

    POINT III
    PLAINTIFF'S HUMAN RIGHTS LAW CLAIM SHOULD BE
    DISMISSED AS AGAINST CHIEF BROGAN ........................................................7

IV. CONCLUSION .........................................................................................................8

## TABLE OF AUTHORITIES

ATSI Communications, Inc. v. Shaar Fund, Ltd.,
  493 F.3d 87 (2d Cir. 2007) ...................................................................................4

Back v. Hastings On Hudson Union Free School District,
  365 F.3d 107 (2d Cir. 2004) .................................................................................6

Bell Atlantic Corporation v. Twombly,
  ___ U.S. ___, 127 S.Ct. 1955 (2007) ...................................................................4

Black v. Coughlin,
  76 F.3d 72 (2d Cir. 1996) .....................................................................................6

Carrero v. New York City Housing Authority,
  890 F.2d 569 (2d Cir. 1989) .................................................................................5

City of Cleburne v. Cleburne Living Center,
  473 U.S. 432, 105 S.Ct. 3249 (1985) ...................................................................5

Colon v. Coughlin,
  58 F.3d 865 (2d Cir. 1995) ...................................................................................6

Conley v. Gibson,
  355 U.S. 41, 78 S.Ct. 99 (1957) ...........................................................................4

Feingold v. New York,
  366 F.3d 138 (2d Cir. 2004) .................................................................................7

Iqbal v. Hasty,
  490 F.3d 143 (2d Cir. 2007) .................................................................................4

Kittay v. Kornstein,
  230 F.3d 531 (2d Cir. 2000) .................................................................................7

Lennon v. Miller,
  66 F.3d 416 (2d Cir. 1995) ...................................................................................7

Long v. Marubeni Am. Corp.,
  2006 WL 547555 (S.D.N.Y. Mar. 6, 2006) .........................................................7

Mendelsohn v. University Hospital,
  178 F.Supp.2d 323 (E.D.N.Y. 2002) ...................................................................6

Neilson v. D'Angelis,
  409 F.3d 100 (2d Cir. 2005) .................................................................................5

Pasqualini v. MortgageIT, Inc.,
 ___ F.Supp.2d ___, 2007 WL 2161781 (S.D.N.Y. July 27, 2007) ............................................. 4

Patane v. Clark,
 435 F.Supp.2d 306 (S.D.N.Y. 2006) ...................................................................................... 5

Prince v. Cablevision Sys. Corp.,
 2005 WL 1060373 (S.D.N.Y. May 6, 2005) .......................................................................... 5

Ricciuti v. New York City Transit Authority,
 941 F.2d 119 (2d Cir.1991) .................................................................................................... 7

Sealey v. Giltner,
 116 F.3d 47 (2d Cir. 1997) ..................................................................................................... 6

Sheppard v. Beerman,
 18 F.3d 147 (2d Cir. 1994) ..................................................................................................... 4

Skehan v. Village of Mamaroneck,
 465 F.3d 96 (2d Cir. 2006) ..................................................................................................... 5

United Mine Workers of America v. Gibbs,
 383 U.S. 715, 86 S.Ct. 1130 (1966) ....................................................................................... 7

Village of Willowbrook v. Olech,
 528 U.S. 562, 120 S.Ct. 1073 (2000) ..................................................................................... 5

Williams v. Smith,
 781 F.2d 319 (2d Cir.1986) .................................................................................................... 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
PAMELA J. BLANCO,

                       Plaintiff,                      07 Civ. 4065 (CLB)

     -against-

JOHN BROGAN, individually and the
VILLAGE OF SCARSDALE, New York,

                     Defendants.
------------------------------------------------------------------- x

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT BROGAN'S
MOTION TO DISMISS THE COMPLAINT**

**I.**       **Preliminary Statement**

Defendant John Brogan, Chief of Police of the Village of Scarsdale Police Department ("Chief Brogan"), submits this Memorandum of Law in support of his motion for an Order dismissing the First Amended Complaint as against him pursuant to Fed. R. Civ. P. 8 and (12)(b)(6), and awarding him such other and further relief as the Court deems just and proper.

Chief Brogan seeks dismissal of the First Amended Complaint because nowhere in that pleading does Plaintiff allege how he allegedly violated her rights under the Equal Protection Clause or the New York State Human Rights Law, which are the only two causes of action asserted against him. The First Amended Complaint simply alleges that "over the years," Chief Brogan has "made recommendations for the promotion of police officers to the Village Board" that are "routinely granted by that Board." (Amended Compl., ¶ 4). No allegations of gender discrimination are made against Chief Brogan in the First Amended Complaint. As set forth below, Plaintiff has therefore failed to plead that Chief Brogan was personally involved in any

conduct that could give rise to individual liability under either 42 U.S.C. § 1983 or the Human Rights Law.

## II. Statement of Facts

Unless otherwise noted, the facts set forth below are drawn from the First Amended Complaint and assumed true for the purpose of this motion.

Plaintiff Pamela J. Blanco ("Plaintiff") has been continuously employed as a Village of Scarsdale police officer since 1996. (Amended Compl., ¶ 3). The First Amended Complaint alleges that she was subject to unwelcome and unsolicited advances by Bryant Clark, a police lieutenant employed by the Village of Scarsdale Police Department. (Id., ¶ 5). However, no specific time frame is provided with respect to these allegations and no other members of the Village of Scarsdale Police Department are mentioned. (Id.).

Plaintiff further alleges that in December 2005, she was denied the opportunity to work as a Traffic Enforcement Officer. (Amended Compl., ¶ 6). In February 2006, Plaintiff claims that she was denied the opportunity to work as a Field Training Officer. (Id., ¶ 7). Both assignments were allegedly given to less experienced male police officers. (Id., ¶¶ 6, 7).

Plaintiff further alleges that in 2007, she was twice passed-over for promotion to the position of police lieutenant in favor of less qualified male officers who scored lower than Plaintiff on the Civil Service Eligible List from which said promotions were made. (Amended Compl., ¶ 10). See generally Civil Service Law §§ 50, 61.

As against Chief Brogan, the First Amended Complaint asserts, in its Fourth Claim for Relief, that "Defendants' conduct violated Plaintiff's right to Equal Protection as guaranteed by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983."

conduct that could give rise to individual liability under either 42 U.S.C. § 1983 or the Human Rights Law.

## II. Statement of Facts

Unless otherwise noted, the facts set forth below are drawn from the First Amended Complaint and assumed true for the purpose of this motion.

Plaintiff Pamela J. Blanco ("Plaintiff") has been continuously employed as a Village of Scarsdale police officer since 1996. (Amended Compl., ¶ 3). The First Amended Complaint alleges that she was subject to unwelcome and unsolicited advances by Bryant Clark, a police lieutenant employed by the Village of Scarsdale Police Department. (Id., ¶ 5). However, no specific time frame is provided with respect to these allegations and no other members of the Village of Scarsdale Police Department are mentioned. (Id.).

Plaintiff further alleges that in December 2005, she was denied the opportunity to work as a Traffic Enforcement Officer. (Amended Compl., ¶ 6). In February 2006, Plaintiff claims that she was denied the opportunity to work as a Field Training Officer. (Id., ¶ 7). Both assignments were allegedly given to less experienced male police officers. (Id., ¶¶ 6, 7).

Plaintiff further alleges that in 2007, she was twice passed-over for promotion to the position of police lieutenant in favor of less qualified male officers who scored lower than Plaintiff on the Civil Service Eligible List from which said promotions were made. (Amended Compl., ¶ 10). See generally Civil Service Law §§ 50, 61.

As against Chief Brogan, the First Amended Complaint asserts, in its Fourth Claim for Relief, that "Defendants' conduct violated Plaintiff's right to Equal Protection as guaranteed by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983."

(Amended Compl., ¶ 16). The Fifth Claim for Relief in the First Amended Complaint alleges that Chief Brogan violated Plaintiff's rights under the New York Human Rights Law, see Executive Law § 296, et seq., as an "aider and abettor." (Id., ¶ 18). No other claims are asserted against Chief Brogan in either his individual or official capacities.

The First Amended Complaint does not allege that Chief Brogan discriminated against Plaintiff on the basis of gender in connection with either of the aforementioned promotional opportunities or with respect to any other matter. The sole allegation in the First Amended Complaint relating to Chief Brogan states, in relevant part:

> . . . [Chief Brogan] has, over the years, made recommendations for the promotion of police officers to the Village Board and as a matter of established practice Brogan's recommendations are routinely granted by that Board. In practice Brogan, by means of his unilateral authority to recommend, controls *de facto* who is promoted within the Police Department.

(Amended Compl., ¶ 4).

As set forth below, this allegation is insufficient to establish Chief Brogan's liability under either Section 1983 or the New York Human Rights Law. The mere fact that Chief Brogan holds a supervisory position over Plaintiff will not support the imposition of individual liability against him under either statute. Nor will the allegation that Chief Brogan has, "over the years," made recommendations to the Village Board of the Village of Scarsdale concerning the promotion of police officers, and that his recommendations are routinely followed by that Board. (Id.). Critically, Plaintiff has not alleged that Chief Brogan participated in, or was otherwise responsible for, any act of gender-based discrimination directed against her. The First Amended Complaint therefore should be dismissed as against Chief Brogan.

**III.     Argument**

### POINT I

### THE STANDARD OF REVIEW

Recent Supreme Court and Second Circuit case law has modified the traditional Rule 12(b)(6) standard. In deciding a motion to dismiss under Rule 12(b)(6), a court must still "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the nonmovant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). However, the pertinent inquiry is no longer whether there is "no set of facts" that the plaintiff could prove that "would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). In Bell Atlantic Corporation v. Twombly, ___ U.S. ___, 127 S.Ct. 1955 (2007), the Supreme Court declared that the foregoing "no set of facts" standard had "earned its retirement." Twombly, 127 S.Ct. at 1969.

Under the standard articulated in Twombly, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. at 1974; accord ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 n. 2 (2d Cir. 2007) ("We have declined to read Twombly's flexible 'plausibility standard' as relating only to antitrust cases"). This standard does not constitute a "universal standard of heightened fact pleading," but rather a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). See also Pasqualini v. MortgageIT, Inc., ___ F.Supp.2d ___, 2007 WL 2161781, at *3 (S.D.N.Y. July 27, 2007) (WCC) ("[A]llegations that are so conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains, are insufficient as a matter of law").

## POINT II

## PLAINTIFF'S EQUAL PROTECTION CLAIM SHOULD BE DISMISSED AS AGAINST CHIEF BROGAN

### A.  Legal Framework

Equal protection "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985). To establish an equal protection claim under Section 1983, a plaintiff must establish: (1) that she was treated differently from other similarly situated individuals, and (2) that such differential treatment was based upon impermissible considerations, such as gender. See Skehan v. Village of Mamaroneck, 465 F.3d 96, 110 (2d Cir. 2006). Under Village of Willowbrook v. Olech, 528 U.S. 562, 120 S.Ct. 1073 (2000), a plaintiff may also assert a "class of one" equal protection claim by alleging that: (1) "she has been intentionally treated differently from others similarly situated," and (2) "there is no rational basis for the difference in treatment." Id., at 564, 120 S.Ct. at 1074. See also Neilson v. D'Angelis, 409 F.3d 100, 105 (2d Cir. 2005).

In the instant matter, Plaintiff's Equal Protection Claim against Chief Brogan appears to be premised upon the missed promotional opportunities and assignments referenced in the First Amended Complaint, and not upon any other ground.[1]

---

[1] The Second Circuit has recognized that a hostile environment sexual harassment claim may be asserted under the Equal Protection Clause, see Carrero v. New York City Housing Authority, 890 F.2d 569 (2d Cir. 1989), but the First Amended Complaint does not appear to assert such a claim against Chief Brogan. To the extent that Plaintiff intends to assert such a claim against Chief Brogan, the First Amended Complaint: (1) fails to plead facts sufficiently severe and pervasive to rise to the level of a hostile work environment, see Patane v. Clark, 435 F.Supp.2d 306 (S.D.N.Y. 2006) (Conner, J.); Prince v. Cablevision Sys. Corp., 2005 WL 1060373 (S.D.N.Y. May 6, 2005) (RWS) ("Even after Swierkiewicz, courts have dismissed hostile work environment claims at the pleadings stage where, as here, the alleged conduct was not severe or pervasive enough to warrant relief."); and (2) fails to allege Chief Brogan's personal involvement in connection with any such harassment. See infra, Point II(B).

...

**B.   Personal Involvement Has Not Been
     Alleged With Respect To Chief Brogan**

A prerequisite for individual liability under Section 1983 claim is a defendant's "personal involvement" in the alleged constitutional deprivation. See Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997); Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986). An individual cannot be held liable for damages under Section 1983 "merely because he held a high position of authority" when a constitutional violation alleged occurred. Back v. Hastings On Hudson Union Free School District, 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)).

For purposes of Section 1983, personal involvement may be pleaded by alleging that: "(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring." Back, 365 F.3d at 127 (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)).

The First Amended Complaint fails to plead any of the foregoing grounds with respect to Chief Brogan's personal involvement in any alleged constitutional violation relating to Plaintiff, and therefore is subject to dismissal. See Mendelsohn v. University Hospital, 178 F.Supp.2d 323, 327-28 (E.D.N.Y. 2002) (dismissing complaint pursuant to Rule 12(b)(6) for failing to adequately allege personal involvement in the decision-making process relating to promotion). Plaintiff also has failed to satisfy the requirements of Fed. R. Civ. P. 8, as the First Amended

Complaint forces the reader to guess as to Plaintiff's theory of liability as against Chief Brogan. See Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000) ("[A] plaintiff must disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" (quoting Ricciuti v. New York City Transit Authority, 941 F.2d 119, 123 (2d Cir.1991)). For both of these reasons, Plaintiff's Equal Protection Claim should be dismissed as against Chief Brogan.

## POINT III

### PLAINTIFF'S HUMAN RIGHTS LAW CLAIM SHOULD BE DISMISSED AS AGAINST CHIEF BROGAN

In the event that Plaintiff's Equal Protection claim is dismissed (as it should be), the Court should decline to exercise supplemental jurisdiction over Plaintiff's Fourth Claim for Relief under the New York State Human Rights Law. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130 (1966); Lennon v. Miller, 66 F.3d 416, 426 (2d Cir. 1995). However, if the Court reaches the merits of this claim, it should likewise be dismissed.

Section 296 of the Human Rights Law states that it shall be an unlawful discriminatory practice "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so." N.Y. Exec. Law § 296(6) (McKinney's 2007). Thus, an individual can be liable as an "aider and abettor" under the Human Rights Law if he "actually participate[d] in the conduct giving rise to a discrimination claim." Long v. Marubeni Am. Corp., 2006 WL 547555, at *4 (S.D.N.Y. Mar. 6, 2006) (citing Feingold v. New York, 366 F.3d 138, 157-59 (2d Cir. 2004)).

Here again, the First Amended Complaint fails to indicate how Chief Brogan allegedly "aided and abetted" any discriminatory conduct involving Plaintiff's promotional opportunities and/or job assignments. Accordingly, Plaintiff's Human Rights Law claim should be dismissed.

## IV. Conclusion

For these reasons, the First Amended Complaint should be dismissed in its entirety as against Defendant John Brogan pursuant to Fed. R. Civ. P. 8 and 12(b)(6), and the Court should award Defendant Brogan such other and further relief as may be just and proper.

Dated: White Plains, New York
September 21, 2007

                                        **KEANE & BEANE, P.C.**

By: _____
Lance H. Klein (LK 8243)
Edward J. Phillips (EP 4825)
Attorneys for Defendant John Brogan
445 Hamilton Avenue, Suite 1500
White Plains, New York 10601
(914) 946-4777