UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
PAMELA J. BLANCO,

                      Plaintiff,                    07 Civ. 4065 (CLB)

   – against –

JOHN BROGAN, individually and the
VILLAGE OF SCARSDALE, New York,

                      Defendants.
---------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT VILLAGE OF SCARSDALE'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS

Page

ARGUMENT ..................................................................................................................1

    POINT I
        THE PLAINTIFF RELIES ON THE WRONG STANDARD OF REVIEW.........1

    POINT II
        THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM
        UPON WHICH RELIEF MAY BE GRANTED ....................................................3

        A.    Plaintiff Has Failed To Allege A Hostile Work Environment ........3

        B.    Plaintiff Has Failed To Allege A *Monell* Claim .............................5

        C.    Plaintiff Has Failed To Properly Plead A Retaliation Claim ..........7

CONCLUSION ...............................................................................................................10

**ARGUMENT**

**POINT I**

**THE PLAINTIFF RELIES ON THE WRONG STANDARD OF REVIEW**

Plaintiff opposes this motion by relying on the wrong standard of review. The United States Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955 (May 21, 2007) controls this case.

It is undisputed that prior to *Twombly*, the applicable standard of review for motions to dismiss was governed by *Conley v. Gibson*, 355 U.S. 41 (1957). In *Twombly*, however, the United States Supreme Court "explicitly disavowed the oft-quoted statement in *Conley*…'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Iqbal v. Hasty*, 490 F.3d 143, 155 (2d Cir. June 14, 2007)(explaining the implications of *Twombly* on "the standard for assessing the adequacy of pleadings"). Ringing the death knell for *Conley*, the *Twombly* Court held that the "no set of facts" language "has earned its retirement" and "is best forgotten." *Twombly*, 127 S. Ct. at 1969; *compare id. with* Pl. Mem. at 5.

In *Conley*'s place, the Court announced a new standard by which courts should adjudge the adequacy of pleadings. Now, to survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. As the Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65. Rather, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and the line "between the factually neutral and the factually suggestive…must be crossed to enter the realm of plausible liability." *Id.* at 1965, 1966

n. 5. Thus, the new governing standard is one of "plausibility," not conclusory speculation. *Id.* at 1968.

Since this new standard has been strictly applied in employment discrimination cases, it governs this case. *See, e.g., Marrero-Gutierrez v. Molina*, 491 F.3d 1, 9-10 (1st Cir. 2007)(affirming dismissal of wrongful demotion claim where allegations in complaint were too speculative to draw inference of discrimination) *citing Twombly*; *Reyes v. City Univ. of N.Y.*, 2007 WL 2186961, *5 (S.D.N.Y. 2007)(dismissing retaliation claim on a motion to dismiss in light of *Twombly* because Plaintiff "has not 'amplif[ied] his claim with some factual allegation in those contexts where some amplification is needed to render the claim plausible.'"); *Deluzio v. Family Guidance Ctr. of Warren County*, 2007 WL 2990621, *2 (D.N.J. 2007)(citing *Twombly* as applicable standard in case alleging employer subjected employee to race and sex discrimination and retaliation; granting motion to dismiss on timeliness grounds); *Green v. DOD Dependent Sch. Europe.*, 2007 WL 2840440, *1-2 (D.D.C. 2007)(granting employer's 12(b)(6) motion in employment discrimination case; "A Rule 12(b)(6) motion should be granted if the Plaintiff does not provide 'enough facts to state a claim of relief that is plausible on its face.'") *quoting Twombly*; *Sibley v. Putt*, 2007 WL 2840392 (S.D. Ohio 2007)(granting 12(b)(6) motion dismissing Title VII, ADEA, and ADA claims brought by employee against employer) *citing Twombly*; *Hollman v. Millstone Bangert, Inc.*, 2007 WL 2860399, *1 (E.D. Mo. 2007)(applying *Twombly* and dismissing "claims of employment discrimination based on race and gender, retaliation, and harassment under Title VII").

As will be demonstrated below, because the First Amended Complaint ("Complaint") is completely devoid of any allegations that push it across the line of pure speculation and into the realm of plausibility, it should be dismissed. *See Twombly*, 127 S. Ct. at 1973 n. 14 ("the complaint warranted dismissal because it failed *in toto* to render Plaintiffs' entitlement to relief plausible").

POINT II

THE COMPLAINT FAILS TO STATE A
PLAUSIBLE CLAIM UPON WHICH RELIEF MAY BE GRANTED

A.    Plaintiff Has Failed To Allege A Hostile Work Environment

In opposition to the current motion, Plaintiff contends that the "[a]llegations of a so-called hostile work environment are not, as the Village would argue, an independent claim, but rather factual allegations that support her claim of gender discrimination." Pl. Mem. at 7. From this premise, Plaintiff incorrectly asserts that her hostile work environment claim fell within the scope of the EEOC's investigation into her general charge of sex discrimination and was therefore "reasonably related."

It is undisputed that "[i]n determining whether claims are reasonably related, the focus should be 'on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a Plaintiff is grieving." *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003). Simply stated, there are absolutely no factual allegations anywhere within Plaintiff's charge – on the cover page, in the narrative portion, or elsewhere – relating to the purported sexual harassment by Lt. Bryant. No doubt there are allegations relating to general gender discrimination, but there is no indication that the discrimination complained about was, or included, a sexually hostile work environment. Plaintiff's failure to bring such allegations before the EEOC renders her claim unjusticiable for failure to exhaust her administrative remedies. *See McIntosh v. Covenant House*, 2007 WL 1946540, *5 (S.D.N.Y. 2007)("this Court has no jurisdiction over any claim for hostile work environment because Plaintiff failed to allege such a claim in his EEOC charge...A district court cannot hear Title VII claims that were not included in the prior charge.").

As the Honorable Judge Jones of this Court has succinctly stated, claims of hostile work environment are *not* deemed "reasonably related" to general claims of discrimination:

> …plaintiff's hostile work environment claim are barred by the rule that a plaintiff typically may raise in district court only those claims that either were included in or are "reasonably related to" the allegations contained in his EEOC charge. Here, plaintiff filed an administrative charge with the City of New York Commission on Human Rights and the EEOC. However, *while this charge contains allegations of disparate treatment on account of race, age, and disability, it makes no reference to Plaintiff's current allegations of a hostile work environment. For the purposes of administrative exhaustion, such claims are not "reasonably related" to ordinary discrimination claims, and are barred if not specifically included in the plaintiff's charge.*

*Lloyd v. N.Y. Botanical Garden*, 2006 U.S. Dist. LEXIS 49066, *19-20 (S.D.N.Y. 2006)(internal citations omitted).

This Court has further held that hostile work environment claims are not reasonably related to general claims of sex based discrimination, because as a "general rule" such claims would not be unearthed by an EEOC investigation absent specific allegations by the charging party. *Koster v. Chase Manhattan Bank*, 554 F. Supp. 285, 287 n.5 (S.D.N.Y. 1983)("an EEOC investigation into charges of sex discrimination in areas such as pay, promotion, and conditions of employment could not reasonbly [sic] be expected to uncover incidents of sexual harassment").

Since Plaintiff plainly failed to make any specific hostile work environment allegation in her EEOC charge (*see* Miller Aff. at Ex. "A"), she has failed to exhaust her administrative remedies with regard to such a claim. Thus, as Plaintiff is barred from asserting a hostile work environment claim in the current action, her First Claim against the Village must be dismissed. *See Eaton v. American Media Operations, Inc.*, 1997 WL 7670 (S.D.N.Y. 1997)(dismissing sexual harassment hostile work environment claim because it was not reasonably related to allegations of sex discrimination in EEOC charge); *Torriero v. Olin Corp.*, 684 F. Supp. 1165, 1170 (S.D.N.Y. 1988)(same); *see also Burns v. Potter*, 2007 WL 406201, *7 (M.D. Pa. 2007)(dismissing hostile work environment claim; "Burns' allegations of gender discrimination 'could not reasonably have been expected to lead to an investigation of Burns' hostile work environment claim. Therefore,

Burns' hostile work environment claim has been waived for failure to exhaust administrative remedies.").

Even if, *arguendo*, this Court finds Plaintiff has adequately exhausted her administrative remedies, the First Claim must nonetheless be dismissed because, as a matter or law, the allegations in the Complaint, even if true, fail to establish a hostile work environment. *See* Village's Mem. at 5-7.

**B.     Plaintiff Has Failed To Allege A *Monell* Claim**

Despite the abundant case law cited by the Village clearly evidencing that Plaintiff herein has failed to allege a *Monell* claim, Plaintiff continues to assert that she adequately alleged the Village's custom or policy of discrimination. Plaintiff seeks to evade the holdings of these cases with a two-pronged argument, neither of which has any support in the law.

First, Plaintiff appears to argue that Defendant Brogan, Chief of Police of the Village's Police Department, has final "authority to recommend," and, consequently, his recommendation to the Board as to who to promote somehow constitutes an official policy. Pl. Mem. at 14. By making such an argument, however, Plaintiff undermines her own claim by effectively conceding the Chief does *not* have final authority. Indeed, as characterized by Plaintiff herself, the Chief's authority is merely "to recommend" candidates for promotion. *Id.*

To the extent Plaintiff relies on *Purdy v. Town of Greenburgh*, 178 F. Supp. 2d 439 (S.D.N.Y. 2002) as support for her claim that Chief Brogan has final policymaking authority, her reliance is misplaced. In *Purdy*, the chief's final policymaking authority was undisputed. *See* 178 F. Supp. 2d at 444-445. Such is not the case here.

Moreover, the very argument now asserted has been made by Plaintiff's counsel and rejected by this Court. *See, e.g., Birmingham v. Odgen*, 70 F. Supp. 2d 353, 372 (S.D.N.Y. 1999). As stated by Judge McMahon:

> Plaintiff, relying on the indisputable fact that the Mayor and Police Chief qualify as "policy makers," asks this Court to rule, in effect, that every personnel decision made or action taken by a policy maker rises to the level of municipal policy. As counsel for Plaintiff puts it, "the requirement of establishing policy is met when Federal Law is violated by an act of a policymaker." ... This Court has been confronted with the same argument (always propounded by the same law firm) in literally dozens of civil rights cases. I have always dismissed it. I dismiss it here.
>
> It has been clear since the Supreme Court's decision in *Pembaur v. City of Cincinnati* that "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." 475 U.S. 469, 479, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986). However, "[t]he fact that a particular official – *even a policymaking official* – has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." *Pembaur*, 475 U.S. at 481, 106 S. Ct. 1292 (emphasis added). In this case, while the Board of Police Commissioners had the discretion to determine whether officers brought before it should be disciplined or dismissed, its decision to dismiss based on the facts of Birmingham's individual case – even if incorrect, and, in fact, even if unconstitutional – would not necessarily constitute municipal policy on personnel or disciplinary matters. Under *Pembaur*, the decision maker must be responsible for establishing final government policy respecting the particular activity before the municipality can be liable. *Id.* (*citing Oklahoma City v. Tuttle*, 471 U.S. 808, 822-24, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985).

*Birmingham*, 70 F. Supp. 2d at 373-74.

Here, as in *Birmingham*, the Village Board is the final policymaker – not Chief Brogan. *See* N.Y. Unconsol. §5711-q(6)("Promotions of officers and members of such police forces shall be made by the board of trustees or municipal board…"). Plaintiff apparently seeks to evade the holding in *Birmingham* by claiming that the Village has somehow ratified Chief Brogan's alleged unconstitutional recommendations for promotion. Under this theory, the Village has created a municipal policy of "establish[ing] and maintain[ing] a work environment overwhelmingly hostile to females." Pl. Mem. at 15. Following Plaintiff's logic, however, the Village would be liable for discrimination simply because, in exercising its lawful discretion, it chose to accept Chief Brogan's recommendations as to who to promote. *See Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d

6

93, 103 (2d Cir. 2001)(employers enjoy "unfettered discretion to choose among qualified candidates"). This Court should reject such an absurd and illogical result.

In any event, the conclusory allegation that the Board ratified the Chief's conduct is insufficient under *Twombly*. The Supreme Court made clear that the allegation of mere "labels and conclusions" are not enough and that a "formalistic recitation of the elements or a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65.

C.   **Plaintiff Has Failed To Properly Plead A Retaliation Claim**

In an attempt to save her retaliation claim, Plaintiff asserts that the alleged timing between her filing the EEOC charge and the promotions she was denied is sufficient to withstand this motion. Pl. Mem. at 18. Plaintiff is simply incorrect in her statement of the law.

It is well settled that timing alone is generally not enough to establish a causal connection between protected activity and an adverse employment action. *See, e.g., Reyes*, 2007 WL 2186961 at *5-6. As the United Supreme Court has explained, "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be "very close." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001). Accordingly, this Court has stated that "[i]t is well settled in this Circuit that 'the protected activity [must be] followed closely by discriminatory treatment,' and it is equally well settled that more than three or four months does not qualify as 'follow[ing] closely.'" *Reyes*, 2007 WL 2186961 at *5 (dismissing retaliation claim where "Plaintiff [did] not plead facts tending to show any direct retaliatory animus, [and] the indirect temporal proximity approach, standing alone, is not enough to save the claim.").

Here, the sole basis alleged to create a causal connection between her January 3, 2007 EEOC charge and the alleged retaliatory promotions is the four month period in between.[1] *See* Pl. Mem. at 18-19. Although Plaintiff cites *Abreu v. Suffolk County Police Dep't* as support for her claim that the four month time gap in this case "certainly suggests such a causal relationship" (Pl. Mem. at 18), Plaintiff conveniently fails to inform this Court that the Plaintiff in *Abreu* did not allege a retaliation claim based on timing alone. *See* 2007 WL 608331, *15 (E.D.N.Y. Feb. 23, 2007). As that court stated, "perhaps more importantly, Plaintiff is not simply relying upon temporal proximity to establish a causal connection between the adverse action and the protected activity, but rather also points to direct evidence of retaliatory animus." *Id.* In sharp contrast, Plaintiff here relies solely on time.

Plaintiff also argues that "it may well be that the Village was simply unable to undertake the adverse action sooner." (Pl. Mem. at 19), even though she has not made any corresponding allegation in the Complaint. Further, while Plaintiff cites *Moore v. Consol. Edison Co.* in support of her argument, in fact, the court there noted that where the Second Circuit has found "a causal connection based on temporal proximity of more than three months…there were unusual aspects of the case that explained the delay." 2007 WL 831807, *7 n. 11 (S.D.N.Y. 2007). Moreover, although Plaintiff also relies on *Hurd v. New York Health & Hosp. Corp.*, that court actually dismissed the retaliation claim because the plaintiff had "present[ed] no direct evidence of animus and relies exclusively on the temporal proximity of the EEOC complaint and the supposed retaliation" without any "aspect of the facts alleged which could explain [the] delay." 2007 WL 678403, *6 (S.D.N.Y. 2002).

---

[1] The Complaint fails to allege any date or even approximate date as to when these promotions to Sergeant occurred. *See* First Amend. Comp. at ¶ 10. In opposition to this motion, however, Plaintiff contends that there was a four month lapse between the filing of her EEOC charge and the alleged retaliatory promotions. Although the Village maintains that Plaintiff's retaliation claim is too vague and fatally deficient, for the purpose of responding to Plaintiff's argument with regard to temporal proximity only, the Village will accept Plaintiff's assertion that there was a four month lapse in time.

A four month time gap alone is plainly insufficient to establish the requisite nexus. *See, e.g., O'Reilly v. Consol. Edison*, 173 Fed. Appx. 20 (2d Cir. 2006)(three month gap insufficient); *Hollander v. Am. Cynamid Co.*, 895 F.2d 80, 85-86 (2d Cir. 1990)(same); *Donlon v. Group Health Inc.*, 2001 WL 111220, *3 (S.D.N.Y. 2001)("Neither is the lapse of four months…enough to imply a causal connection."); *Cobian v. City of New York*, 2000 U.S. Dist. LEXIS 17479 (S.D.N.Y. 2000) (holding that plaintiff failed to establish causal connection between protected activity and adverse employment action which took place after four month lag); *James v. Newsweek*, 1999 U.S. Dist. LEXIS 15588 (S.D.N.Y. 1999) (no causation where "there was at least a four-month gap between the protected activity and the adverse actions"), *aff'd*, 213 F.3d 626 (2d Cir. 2000), *cert. denied*, 531 U.S. 926 (2000); *Nicastro v. Runyon*, 60 F. Supp. 2d 181, 185 (S.D.N.Y. 1999) ("claims of retaliation are routinely dismissed when as few as three months elapse between the protected activity and the alleged act of retaliation"). Plaintiff's claim is thus reduced to nothing more than her own speculation as to the reasons she was not promoted.[2]

As Judge Marrero of this Court recently stated, just as many other judges have in the past, such a conclusory claim of retaliation must be dismissed:

> Finally, while [Plaintiff's] complaint makes a general conclusory statement that [Defendant] retaliated against him allegedly for its having been contacted by EEOC in connection with the charge he filed on October 1, 2004, he provides no more factual detail describing what specific act of retaliation he refers to, when it occurred, which…official had knowledge of his EEOC charge and who actually engaged in the claimed retaliation. *Such vague, conclusory pleadings are insufficient to withstand a motion to dismiss a complaint for failure to state a claim upon which relief may be granted.*

*Saidin v. New York City Dep't of Educ.*, 498 F. Supp. 2d 683, 688 (S.D.N.Y. July 12, 2007); *accord Reyes v. City Univ. of N.Y.*, 2007 WL 2186961 at *5 (dismissing retaliation claim on a motion to

---

[2] Plaintiff has also failed to allege anything indicating that the officers promoted were unqualified or that she possessed credentials so superior that no person could have reasonably selected those individuals over her (*see* Village's Mem. at 11-14), let alone anything indicating she was denied the promotions to Sergeant because she filed the EEOC charge.

dismiss because "Plaintiff pleads not a single fact tending to link the filing of his 2003 charge with his 2005 dismissal. He pleads no fact that would tend to support a finding of 'retaliatory animus directed against a plaintiff'"); *Curtis v. Citibank, N.A.*, 204 Fed. Appx. 929, 932 (2d Cir. 2006)(affirming dismissal of retaliation claim because plaintiff's "vague allegations do not state a claim"); *Valle v. Balle Total Fitness*, 2006 WL 2571946 (S.D.N.Y. 2006)(Valle's allegations of retaliation are merely 'conclusory allegations.' Accordingly, Valle's retaliation claims should be dismissed."); *Ximines v. George Wingate High Sch.*, 2006 WL 2086483, *8-9 (E.D.N.Y. 2006)(dismissing conclusory retaliation claim).

## CONCLUSION

As discussed herein and more fully in the Village's initial memorandum of law, the First Amendment Complaint is wholly deficient. It is not enough that "careful case management" may, and will if necessary, "weed [this case] out early in the discovery process." *Twombly*, 127 S. Ct. at 1967. Plaintiff should not be permitted to drag the Village through discovery, just to have her claims then disproven by the evidence, when Supreme Court precedent makes clear that those very claims should be dismissed now. For all of these reasons, this Court should dismiss the Complaint in its entirety as against Defendant Village of Scarsdale.

Dated:   October 19, 2007
         Garden City, New York          Respectfully submitted,

                                        BOND, SCHOENECK & KING, PLLC

                                        By:   /s/ Howard M. Miller
                                        Howard M. Miller (HMM: 4538)
                                        Attorneys for Defendant, Village of Scarsdale
                                        1399 Franklin Avenue, Suite 200
                                        Garden City, New York 11530
                                        (516) 267-6300

Of Counsel:
         Terry O'Neil
         Jessica C. Satriano

CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

LOVETT & GOULD, LLP
222 Bloomingdale Road
White Plains, New York 10605

KEANE & BEANE
445 Hamilton Avenue, 15th Floor
White Plains, New York 10601

s/   Howard M. Miller
Howard M. Miller (HMM: 4538)
Bond, Schoeneck & King, PLLC
Attorneys for Defendant, Village of Scarsdale
1399 Franklin Avenue, Suite 200
Garden City, New York 11530