UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

PAMELA J. BLANCO,

                Plaintiff,                           07 Civ. 4065 (CLB)

    -against-

JOHN BROGAN, individually and the
VILLAGE OF SCARSDALE, New York,

                Defendants.

------------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF DEFENDANT BROGAN'S
## MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

KEANE & BEANE, P.C.
Attorneys for Defendant Brogan
445 HAMILTON AVENUE, 15TH FLOOR
WHITE PLAINS, NEW YORK 10601
(914) 946-4777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

PAMELA J. BLANCO,

                Plaintiff,                07 Civ. 4065 (CLB)

    -against-

JOHN BROGAN, individually and the
VILLAGE OF SCARSDALE, New York,

                Defendants.

------------------------------------------------------------------ x

## REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF DEFENDANT BROGAN'S
## MOTION TO DISMISS THE COMPLAINT

### I.  Preliminary Statement

Defendant John Brogan, Chief of Police of the Village of Scarsdale Police Department ("Chief Brogan"), submits this Reply Memorandum of Law in further support of his motion for an Order dismissing the First Amended Complaint as against him pursuant to Fed. R. Civ. P. 8 and (12)(b)(6), and awarding him such other and further relief as the Court deems just and proper.

In his moving papers, Chief Brogan demonstrated that the First Amended Complaint fails to allege that he violated Plaintiff's rights under the Equal Protection Clause or the New York State Human Rights Law, which are the only two causes of action asserted against him. In short, the First Amended Complaint alleges that Chief Brogan has held the position of Chief of Police during times when, according to Plaintiff, she did not receive certain promotions and job assignments. But Plaintiff does not allege that Chief Brogan took any specific, discriminatory action towards her with respect to these promotions and job assignments — or any other matter.

Rather than plead these essential factual allegations, Plaintiff asks the Court to assume that Chief Brogan exercised control over her missed promotions and job assignments, and that he did so "in a manner which discriminated against Plaintiff on the basis of her gender and in retaliation for Plaintiff's *(sic)* having made a complaint of gender discrimination." (Pl. Br., p. 22). Plaintiff argues that this is a fair inference to draw from other allegations in the First Amended Complaint. In particular, Plaintiff attempts to prop-up her claims against Chief Brogan using her hostile work environment allegations. This does not work. Plaintiff's allegations of hostile work environment are insubstantial and should not survive the Village's Rule 12(b)(6) motion. In any event, and more importantly here, these allegations contain no facts relating to Chief Brogan.

Thus, Plaintiff has articulated no plausible, factual basis from which one could infer that Chief Brogan somehow prevented her from attaining the promotions and job assignments she desired, and did so based upon Plaintiff's gender and/or charge of discrimination. It is wholly inappropriate, and contrary to the Federal Rules of Civil Procedure, for Plaintiff to make Chief Brogan an individually-named defendant in this litigation without some factual predicate for doing so. Particularly under the pleading standard now mandated by <u>Bell Atlantic Corporation v. Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955 (2007), Rule 12(b)(6) does not allow a plaintiff to proceed with a claim against a defendant on the basis of conclusory allegations, hoping that discovery will yield some factual basis for keeping that defendant in the case beyond the summary judgment stage. Accordingly, Plaintiff's claims against Chief Brogan should be dismissed.

II. **Reply Argument**

## POINT I

### THE FIRST AMENDED COMPLAINT FAILS TO PLEAD THAT CHIEF BROGAN DID ANYTHING VIOLATIVE OF PLAINTIFF'S EQUAL PROTECTION RIGHTS

As set forth in our main brief, personal involvement for purposes of Section 1983 may be established in a number of ways. Here, Plaintiff argues that the First Amended Complaint adequately pleads Chief Brogan's direct personal involvement in alleged constitutional violations. Specifically, Plaintiff argues in her brief that Chief Brogan "personally had control over assignments and promotions within the Scarsdale Police Department" and "exercised this control in a manner which discriminated against Plaintiff on the basis of her gender and in retaliation for Plaintiff's having made a complaint of gender discrimination." (Pl. Br., pp. 21-22).

This argument is unavailing. As a threshold matter, this allegation is set forth only in Plaintiff's brief. No such allegation appears in the First Amended Complaint. Instead, with respect to promotional opportunities, the First Amended Complaint states, in relevant part:

> . . . [Chief Brogan] has, over the years, made recommendations for the promotion of police officers to the Village Board and as a matter of established practice Brogan's recommendations are routinely granted by that Board. In practice Brogan, by means of his unilateral authority to recommend, controls *de facto* who is promoted within the Police Department.

(Amended Compl., ¶ 4). To reiterate a point made in our main brief: this is the only allegation lodged against Chief Brogan in the First Amended Complaint with respect to the promotion that Plaintiff did not receive in 2007. Under Rule 12(b)(6), it is not enough for Plaintiff to simply allege that Chief Brogan was the chief of police when this occurred.

Notably, the First Amended Complaint is completely <u>silent</u> with respect to Chief Brogan's involvement in the job assignments that Plaintiff desired and did not receive. The First Amended Complaint does not allege how, when, or by whom, these assignments were made.

Plaintiff further argues that Chief Brogan's personal involvement in her failure to receive a promotion and certain job assignments may be inferred from her allegations concerning the purported hostile work environment she experienced at the Village of Scarsdale Police Department. Specifically, Plaintiff points to paragraph 5 of the First Amended Complaint, which states:

> During Brogan's tenure as Chief of Police he has, with knowledge and approval of the Village Board, established and maintained a work environment overwhelmingly hostile to females. In that connection, and in addition to the facts set forth *infra*:
>
> a.  There has never been a female police supervisor in the Village's Police Department;
>
> b.  For approximately eight years Plaintiff was the only female sworn member of the Police Department;
>
> c.  A second female police officer transferred out of the Scarsdale Police Department to a different jurisdiction by reason of its gender hostile environment;
>
> d.  The only other female officer, who has been employed by the Village for an abbreviated period of time, has by reason of back-to-back pregnancies rarely worked road patrol;
>
> e.  The Police Department has no maternity leave policy; [and]
>
> f.  The Department has no locker room for female officers, who are required to change in a bathroom.

(Amended Compl., ¶ 5).

Plaintiff's argument lacks merit. Her allegation that Chief Brogan "established and maintained a work environment overwhelmingly hostile to females" is entirely conclusory and

unsupported by the allegations that follow it. Rhetoric does not carry any weight under Rule 12(b)(6). (See Main Br., p. 4). The "factual" allegations set forth in this paragraph add no substance to Plaintiff's claims against Chief Brogan and, as a matter of law, do not rise to the level of a hostile work environment.

The only other allegation in the First Amended Complaint concerning the aforementioned "work environment overwhelmingly hostile to females," supra, concerns certain advances made by a Village of Scarsdale police lieutenant towards Plaintiff. (Amended Compl., ¶ 5(a)). The facts concerning those alleged advances simply are not sufficiently severe and pervasive to rise to the level of a constitutional violation. (See Main Br., p. 5, n.1). More importantly here, the First Amended Complaint does not attempt to make any connection between these allegations and Chief Brogan. Again, for purposes of Section 1983, personal involvement is not established simply by claiming that a defendant held a high-ranking supervisory position at the time some alleged constitutional violation may have occurred. See Back v. Hastings On Hudson Union Free School District, 365 F.3d 107, 127 (2d Cir. 2004).

In sum, even before Twombly, mere conclusory allegations were never sufficient to withstand a Rule 12(b)(6) motion to dismiss. See, e.g., Yusuf v. Vassar College, 35 F.3d 709, 713 (2d Cir. 1994) (complaint consisting only of conclusory assertions of discrimination under the Civil Rights Acts does not survive a 12(b)(6) motion); Dickerson v. State Farm Fire & Casualty Co., 1997 WL 40966 (S.D.N.Y. Feb. 3, 1997) (95 Civ. 10733 (MBM)), aff'd, 133 F.3d 906 (2d Cir. 1997)). After Twombly, it is more clear than ever that the Federal Rules' liberal pleading standard does not permit a plaintiff to haul a defendant into court without a plausible factual predicate for doing so. The First Amended Complaint contains no such factual predicate. Instead, the First Amended Complaint lodges two conclusory allegations against Chief Brogan,

and then goes on to make a number of other allegations that have no apparent connection to him. Under these circumstances, Chief Brogan should not remain an individually-named defendant in this action.

If Plaintiff's Equal Protection claim is dismissed (as it should be), the Court should decline to exercise supplemental jurisdiction over Plaintiff's Fourth Claim for Relief under the New York State Human Rights Law. In any event, the First Amended Complaint also fails to plead any facts showing how Chief Brogan allegedly "aided and abetted" any discriminatory conduct involving Plaintiff's promotional opportunities and/or job assignments.

### III. Conclusion

For these reasons, the First Amended Complaint should be dismissed in its entirety as against Defendant John Brogan pursuant to Fed. R. Civ. P. 8 and 12(b)(6), and the Court should award Defendant Brogan such other and further relief as may be just and proper.

Dated: White Plains, New York
October 19, 2007

**KEANE & BEANE, P.C.**

By: _____
Lance H. Klein (LK 8243)
Edward J. Phillips (EP 4825)
Attorneys for Defendant John Brogan
445 Hamilton Avenue, Suite 1500
White Plains, New York 10601
(914) 946-4777