UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PAMELA J. BLANCO,

                         Plaintiff,

             07 Cv. 4065 (CLB)

        - against -

*Memorandum and Order*

JOHN BROGAN, VILLAGE OF SCARSDALE,
NEW YORK,

                       Defendants.
------------------------------------------------------------x
Brieant, J.

      Before the Court in this action for violation of Title VII, 42 U.S.C. § 1983 and N.Y. Human Rights Law § 296, is a Motion to Dismiss for failure to state a claim, pursuant to Fed. R. Civ. Pro. § 12(b)(6). The Motion was filed on September 21, 2007 (Doc. 23). Opposition papers were filed on October 12, 2007 (Doc. 31). Reply papers were filed on October 19, 2007 (Docs. 32 and 33).

*Background*

      The following facts are presumed true for the purposes of this Motion only. Since April 1996, Pamela J. Blanco (the "Plaintiff") has been continuously employed by the Village of Scarsdale (the "Defendant" or "Village") as a police officer. At all relevant times, John Brogan (the "Defendant") who is sued in his individual and personal capacities only, was the Chief of Police of Defendant Village (collectively "the Defendants"). Plaintiff claims that Defendant Brogan's recommendations made to the Village Board concerning promotions of police officers are routinely granted, and thus, contrary to the statute, Chief Brogan controls all promotions

made within the Village Police Department. It is Plaintiff's contention that during Chief Brogan's tenure, he has, with knowledge and approval of the Village Board, created a work environment that is hostile to females. Additionally, Plaintiff contends that she was retaliated against by being denied multiple promotions due to her race, gender and age. Plaintiff asserts claims against the Village for violations of Title VII. Plaintiff asserts claims against the Village and Defendant Brogan for violations of her Constitutional right to Equal Protection and N.Y. Exec. L. § 296.

Plaintiff avers that Defendant Brogan, under the authority given to him by the Village, created a hostile work environment at the Police Department against females because Plaintiff claims that:

1) There has never been a female supervisor in the Village Police Department;

2) Plaintiff was the only female member of the Police Department for eight years;

3) A second female officer transferred to a different department because of the gender hostile environment;

4) The only other female officer has rarely worked road patrol;

5) The Department has no maternity leave policy;

6) Female Employees are required to change in a bathroom because there is no women's locker room in the Department.

Additionally, Plaintiff contends that she was subjected to continuous gender-based disparate treatment by being repeatedly skipped for promotions and rejected from specialized

training in favor of "lesser qualified, younger males". Specifically, Plaintiff maintains that around the end of 2005, she was denied a position of Traffic Enforcement Officer, in favor of a less experienced male officer. In February 2006, Plaintiff asserts that she was denied assignment as a Field Training Officer in favor of a less experienced male. Plaintiff also maintains that she was denied a required special uniform for bike patrol, which was provided to younger male officers.

Plaintiff asserts that during her employment, she was repeatedly taken out of "field training" by Lt. Bryant Clark, who required Plaintiff to ride in his police vehicle for hours "while he complained about his bad marriage and asked her whether she was dating anyone" which made Plaintiff uncomfortable and resulted in male members of the Department referring to Clark as Plaintiff's "boyfriend." Additionally, Plaintiff asserts that Clark had flowers delivered to Plaintiff's home for Valentine's Day and "purchased her a membership in a gym so he could work out with her." It does not appear that she complained to the management, which appears to have policies in effect which satisfy the *Faragher-Ellerth* defense.

On January 3, 2007, Plaintiff filed a charge of discrimination with the EEOC. After filing such, Plaintiff claims that she was for the first time issued a uniform for bike patrol and trained as an instructor in CPR. However, it is her contention that later in 2007, she was skipped for promotion to the rank of Sergeant twice in favor of less qualified males who scored lower than Plaintiff on the Civil Service Eligibility List.

*Discussion*

*Standard for § 12(b)(6) Motion to Dismiss*

In deciding a motion to dismiss under Fed. R. Civ. Pro. § 12(b)(6), the Court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the nonmovant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). Additionally, in light of the recent Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), in order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. (this abrogates the rule of *Conley v. Gibson*, 355 U.S. 41, requiring "no set of facts" inquiry for motion to dismiss). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*, 127 S.Ct. at 1965. Thus, the Plaintiff must allege some facts that support the elements of the claim alleged, in order to defeat the motion.

As to Chief Brogan, Plaintiff alleges that Defendant Brogan violated her Constitutional right to Equal Protection, as well as N.Y. Human Rights Law § 296. These claims seem to be based on the missed promotional opportunities and assignments that Plaintiff alleges.

To establish a claim for violation of equal protection under 42 U.S.C. § 1983, a plaintiff must establish that: (1) she was treated differently from other similarly situated individuals and (2) such differential treatment was based upon impermissible considerations, such as gender.

*See Skehan v. Village of Mamaroneck*, 465 F.3d 96, 110 (2d Cir. 2006). "An individual cannot be held liable for damages under § 1983 'merely because he held a high position of authority,' but can be held liable if he was personally involved in the alleged deprivation." *See Back v. Hastings on Hudson Union Free School District*, 365 F.3d 107, 127 (2d Cir. 2004)(quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir.1996).

For § 1983 purposes, "personal involvement" can be shown if: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference...by failing to act on information indicating that unconstitutional acts were occurring. *See Back*, 365 F.3d at 127 (citing cases).

Plaintiff's Amended Complaint fails to allege Chief Brogan's personal involvement under any of the forgoing grounds. The only assertion the Plaintiff makes is to state that Chief Brogan "has, over the years, made recommendations for the promotion of police officer to the Village Board and as a matter of established practice [his] recommendations are routinely granted". Plaintiff's Amended Complaint goes on to assert that "[i]n practice Brogan, by means of his unilateral authority to recommend, controls *de facto* who is promoted within the Police Department". Plaintiff alleges no factual support for these conclusory allegations. This Court

concludes the Chief has a right to make recommendations, as indeed does any member of the public. If the Village Trustees accept them on blind faith, that is their problem and will not, standing alone, make the Chief liable for a violation of law by the Village Trustees.

"While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). "[C]omplaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987). Plaintiff alleges no specific facts indicating that Defendant Brogan's action in failing to recommend or in recommending was the cause of any violation.

Plaintiff also alleges that Defendant Brogan violated N.Y. Exec. L. § 296. Under § 296(1)(a), it shall be a discriminatory practice for an employer to discriminate against an individual in terms, conditions or privileges of employment on the basis of age, race, color, sex, etc. *See* N.Y. Exec. § 296(1)(a). Plaintiff, presumably seeks to allege that Defendant Brogan violated § 296(6) by "aiding and abetting" Plaintiff's employer in discriminatory practices. As established above, Plaintiff's Amended Complaint fails to allege any conduct by Defendant Brogan that amounts to aiding and abetting. The actions were those of the Village as an employer, acting through its elected Trustees, who are entitled to seek advice from their Chief if they wish.

The Motion to Dismiss the Amended Complaint by Chief Brogan is GRANTED for the reasons stated.

As to the employer itself, the Village of Scarsdale, Plaintiff alleges that the Village violated her Constitutional right to Equal Protection as afforded under Title VII.

Plaintiff also alleges a hostile work environment under Title VII. Title VII prohibits workplace harassment that is so severe or pervasive as to alter the Plaintiff's employment conditions. *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993). The harassment must be both objectively and subjectively objectionable. *Id.* A plaintiff must provide fair notice of her claims, as well as the grounds upon which the claims rest. *See Swierkiewicz, v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Plaintiff fails to do so.

The facts on which Plaintiff's hostile work environment claim are based are the interactions with Lt. Bryant Clark. First, these conversations and gestures towards Plaintiff do not seem to the Court to rise to the level of pervasive conduct. Among the factors to consider when determining whether an environment is sufficiently hostile are "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris,* 510 U.S. at 23. "In determining whether a hostile environment exists, we must look at the 'totality of the circumstances.'" *Terry v. Ashcroft*, 336 F.3d 128 (2d Cir. 2003). "As a general rule, incidents must be more than 'episodic; they must be sufficiently continuous

and concerted in order to be deemed pervasive.' " *Alfano v. Costello,* 294 F.3d at 365, 374 (2d Cir. 2002). Additionally, it does not appear that Plaintiff reported the interactions or complained to anyone about Lt. Clark's behavior. Plaintiff's Amended Complaint does not allege facts severe enough to constitute a claim for hostile work environment, and these claims will, in any event be barred by the *Faragher-Ellerth* Defense, since the Village has adequate rules and procedures for dealing with harassment of the sort claimed against Lt. Clark.

Plaintiff asserts a claim against the Village for violation of § 1983. A municipality may not be held liable in an action under 42 U.S.C. § 1983 for actions alleged to be unconstitutional by its employees below the policymaking level solely on the basis of *respondeat superior. Monell v. Department of Social Servs.,* 436 U.S. 658, 691 (1978). To hold a municipality liable in such an action, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold,* 48 F.3d 674 (2d Cir. 1995) (citing *Batista v. Rodriguez,* 702 F.2d 393, 397 (2d Cir.1983)). In her Amended Complaint, Plaintiff does not cite any "official policy or custom" that caused violation of Plaintiff's rights. Nor has she established any persistent or widespread practice of discrimination by the Village that constitutes "custom or usage." *See Sorlucco v. New York City Police Dept.*, 971 F.2d 864, 870 (2d Cir. 1992).

Plaintiff's Amended Complaint does not allege sufficient facts to assert a § 1983 against the Village of Scarsdale.

Plaintiff's Amended Complaint alleges that the Village engaged in unlawful retaliation by skipping over Plaintiff for promotions after she filed an EEOC complaint. "To succeed on a claim of retaliation, plaintiff must show that (1) the employee engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759 (2d Cir. 1998). Conclusory allegations are insufficient to withstand a motion to dismiss.

Plaintiff asserts that she was skipped over for promotion in favor of less experienced male officers in 2005 and 2006. In 2007, Plaintiff filed an EEOC complaint stating that she had been routinely skipped for promotions and special duty assignments. Plaintiff admits that after this complaint was filed, she was afforded CPR instructor training and issued a uniform for bike patrol, which she had requested prior to the filing of the complaint. However, four months after filing the EEOC complaint, Plaintiff was denied promotion to the rank of Sergeant twice. Both times the position was given to male officers who scored lower than Plaintiff on the Civil Service Eligible List. For claims of retaliation, "[c]ausation can be shown...indirectly, by showing that the protected activity was followed closely by discriminatory treatment." *See Gordon v. New York City Bd. of Educ.*, 232 F.3d 111 (2d Cir. 2000). Accepting the allegations, stated in the Amended Complaint, as true, Plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S.Ct. at 1974. Plaintiff's claim against the Village of Scarsdale for retaliation is sufficient to withstand the § 12(b)(6) motion.

The Court grants Chief Brogan's Motion to Dismiss the Amended Complaint in all respects. The Court grants the Village of Scarsdale's Motion to Dismiss the Amended Complaint as to the claims of hostile work environment. The Court denies the Village of Scarsdale's Motion to Dismiss the claims of retaliatory action in violation of § 1983 and violations of N.Y. Exec. L. § 296. The Court declines at this time to make the finding contemplated by Rule 54(b) Fed. R. Civ. P.

A conference of the Court with counsel will be held on January 18, 1008 at 9:00 A.M.

X

        X

            X

                X

                  X

                    X

SO ORDERED.

Dated: White Plains, New York
       November 20, 2007

                                                                                                   _/s/ Charles L. Brieant_
                                                                                                   Charles L. Brieant, U.S.D.J.