UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
PAMELA J. BLANCO,

<table>
<tr><td></td><td>Plaintiff,</td><td><strong>ANSWER</strong></td></tr>
<tr><td>-against-</td><td></td><td></td></tr>
<tr><td></td><td></td><td>07 Civ. 4065 (CLB)</td></tr>
</table>

JOHN BROGAN, individually and the VILLAGE
OF SCARSDALE, New York,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant Village of Scarsdale (hereinafter the "Village"), by and through its attorneys,

Bond, Schoeneck & King, PLLC, hereby appear and answer the First Amended Complaint as

follows:

1.   DENIES the truth of the allegations set forth in Paragraph 1 of the First Amended

Complaint.

2.   ADMITS the truth of the allegations set forth in Paragraph 2 of the First Amended

Complaint except respectfully refers all questions of law to the Court.

3.   DENIES knowledge or information sufficient to form a belief as to the truth or falsity of

the allegations set forth in Paragraph 3 of the First Amended Complaint, except ADMITS that

Plaintiff has been employed by the Village as a police officer since April of 1996.

4.   DENIES the truth of the allegations set forth in Paragraph 4 of the First Amended

Complaint except ADMITS that John Brogan is employed by the Village as the Chief of Police.

5.   DENIES the truth of the allegations set forth in Paragraph 5 of the First Amended

Complaint except ADMITS that the Village is a municipality duly existing by reason of and

pursuant to the laws of the State of New York.

    a.  ADMITS the truth of the allegations set forth in Paragraph 5(a) of the First Amended Complaint.

    b.  DENIES the truth of the allegations set forth in Paragraph 5(b) of the First Amended Complaint.

    c.  DENIES the truth of the allegations set forth in Paragraph 5(c) of the First Amended Complaint.

    d.  DENIES the truth of the allegations set forth in Paragraph 5(d) of the First Amended Complaint.

    e.  DENIES the truth of the allegations set forth in Paragraph 5(e) of the First Amended Complaint.

    f.  DENIES the truth of the allegations set forth in Paragraph 5(f) of the First Amended Complaint.

6.  DENIES the truth of the allegations set forth in the second numbered Paragraph 5 of the First Amended Complaint.

    a.  DENIES the truth of the allegations set forth in the second numbered Paragraph 5(a) of the First Amended Complaint.

    b.  DENIES the truth of the allegations set forth in the second numbered Paragraph 5(b) of the First Amended Complaint.

    c.  DENIES the truth of the allegations set forth in the second numbered Paragraph 5(c) of the First Amended Complaint.

    d.  DENIES the truth of the allegations set forth in the second numbered Paragraph 5(d) of the First Amended Complaint.

58746.1 1/18/2008

e.  DENIES the truth of the allegations set forth in the second numbered Paragraph 5(e) of the First Amended Complaint.

f.  DENIES the truth of the allegations set forth in the second numbered Paragraph 5(f) of the First Amended Complaint.

g.  DENIES the truth of the allegations set forth in the second numbered Paragraph 5(g) of the First Amended Complaint.

7.  DENIES the truth of the allegations set forth in Paragraph 6 of the First Amended Complaint except ADMITS that Plaintiff was not assigned as a Traffic Enforcement Officer in November or December of 2005.

8.  DENIES the truth of the allegations set forth in Paragraph 7 of the First Amended Complaint except ADMITS that Plaintiff was not assigned as a Field Training Officer in February of 2006.

9.  DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 8 of the First Amended Complaint.

10. DENIES, upon information and belief, the truth of the allegations set forth in Paragraph 9 of the First Amended Complaint.

a.  DENIES the truth of the allegations set forth in Paragraph 9(a) of the First Amended Complaint.

b.  DENIES the truth of the allegations set forth in Paragraph 9(b) of the First Amended Complaint except ADMITS that Plaintiff received training as part of the American Heart Association's Basic Life Support (CPR/AED) Instructor Program on or about March 26, 2007 and was certified by the American Heart Association as a Basic Life Support Instructor on or about April 1, 2007.

3

11. DENIES the truth of the allegations set forth in Paragraph 10 of the First Amended Complaint except ADMITS that Plaintiff was not promoted to Sergeant in 2007.

      a.  DENIES the truth of the allegations set forth in Paragraph 10(a) of the First Amended Complaint.

      b.  DENIES the truth of the allegations set forth in Paragraph 10(b) of the First Amended Complaint.

12. DENIES the truth of the allegations set forth in the second numbered Paragraph 10 of the First Amended Complaint.

13. By decision and order dated November 20, 2007, Judge Brieant dismissed all of the claims against the Village except the alleged claims of retaliation. Most of the allegations repeated and re-alleged at Paragraph 11 of the First Amended Complaint cannot, therefore, form the basis of a claim against the Village. Without waiving any objection to the relevancy of these allegations, the Village repeats and reasserts as if fully set forth the Village's answers to Paragraphs 1 through the second numbered Paragraph 10, inclusive, of the First Amended Complaint.

14. The allegations set forth in Paragraph 12 of the First Amended Complaint were dismissed by Judge Brieant by Decision and Order dated November 20, 2007.

15. In answer to the allegations repeated and re-alleged at Paragraph 13 of the First Amended Complaint, the Village repeats and reasserts as if fully set forth the Village's answers to Paragraphs 1 through the second numbered Paragraph 10, inclusive, of the First Amended Complaint.

16. DENIES the truth of the allegations set forth in Paragraph 14 of the First Amended Complaint.

17. By decision and order dated November 20, 2007, Judge Brieant dismissed all of the claims against the Village except the alleged claims of retaliation. Most of the allegations repeated and re-alleged at Paragraph 15 of the First Amended Complaint cannot, therefore, form the basis of a claim against the Village. Without waiving any objection to the relevancy of these allegations, the Village repeats and reasserts as if fully set forth the Village's answers to Paragraphs 1 through the second numbered Paragraph 10, inclusive, of the First Amended Complaint.

18. The allegations set forth in Paragraph 16 of the First Amended Complaint were dismissed by Judge Brieant by Decision and Order dated November 20, 2007.

19. In answer to the allegations repeated and re-alleged at Paragraph 17 of the First Amended Complaint, the Village repeats and reasserts as if fully set forth the Village's answers to Paragraphs 1 through the second numbered Paragraph 10, inclusive, of the First Amended Complaint.

20. DENIES the truth of the allegations set forth in Paragraph 18 of the First Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

21. The First Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

22. The Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.


Defendant Village of Scarsdale reserves the right to amend or further plead any other defenses after a reasonable opportunity for discovery.

58746.1 1/18/2008

**WHEREFORE**, Defendant Village of Scarsdale requests that judgment be rendered against Plaintiff dismissing this action in its entirety as against it and awarding it costs, disbursements and such other and further relief as the Court deems to be appropriate.

Dated:    Garden City, New York
          January 18, 2008

                              Respectfully submitted,

                              BOND, SCHOENECK & KING, PLLC


                              By: _____s/Howard M. Miller_____
                                  Howard M. Miller (HM 4538)
                                  Attorney for the Village of Scarsdale
                                  1399 Franklin Avenue, Suite 200
                                  Garden City, New York 11530
                                  (516) 267-6300

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2008 the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

LOVETT & GOULD, LLP
222 Bloomingdale Road
White Plains, New York 10605

KEANE & BEANE
445 Hamilton Avenue, 15th Floor
White Plains, New York 10601

 

s/    Howard M. Miller
Howard M. Miller (HMM:  4538)
Bond, Schoeneck & King, PLLC
Attorneys for Defendant
Village of Scarsdale
1399 Franklin Avenue, Suite 200
Garden City, New York  11530
(516) 267-6318

58746.1 1/18/2008